Solomon E. GALLEGOS,
Plaintiff–Appellant,

v.

CITY OF MONTE VISTA,
Defendant–Appellee.

No. 97CA0532.

Colorado Court of Appeals.
Division I.

May 28, 1998.

Rehearing Denied July 2, 1998.

Certiorari Denied May 10, 1999.

Alex F. Gallegos, Del Norte, for Plaintiff–Appellant. ·

Vaughan & DeMuro, Gordon L. Vaughan, Shelby Felton–Schnack, Colorado Springs, for Defendant–Appellee.

Opinion by Judge DAVIDSON.

Plaintiff, Solomon E. Gallegos, appeals from the dismissal of his complaint against defendant, the City of Monte Vista. We reverse and remand with directions.

On July 23, 1994, plaintiff was stopped by an officer of the Monte Vista Police Department for failing to stop at a posted stop sign. After completing an investigation, the officer determined that probable cause existed to arrest plaintiff for driving under the influence of alcohol.

According to plaintiff's complaint, while being transported to the police station, plaintiff informed the officer that he was a diabetic and needed insulin. The officer refused both this request and a subsequent request plaintiff made when he reached the police station.

At the police station, plaintiff told the officer that he would commit suicide if he was incarcerated. The officer then placed plaintiff in a jail cell without confiscating his shoes, belt, or other personal items. Approximately 20 minutes later, plaintiff attempted to commit suicide using his belt. The complaint further alleges that he suffered serious and permanent injuries.

On April 9, 1996, approximately 20 months after his attempted suicide, plaintiff brought this action naming only the City as a defendant. Plaintiff's first claim for relief was based upon the alleged negligence of the arresting officer in failing to take precautions in the jail concerning his health and safety. He also brought a second claim for relief based upon the negligent disclosure of medical information obtained by two other officers.

The City answered the complaint and subsequently filed a motion to dismiss or, alternatively, for summary judgment. The City argued that plaintiff's claims were barred by the one-year statute of limitations set forth in § 13–80–103(1)(c), C.R.S.1997, which addresses, *inter alia,* actions against police officers. The City also argued that plaintiff's second claim for relief, for negligent disclosure of medical information, was barred by the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.1997.

The trial court granted the City's motion, finding that the one-year statute of limitations applied and barred plaintiff's claims against the City. The court alternatively found that plaintiff's second claim for relief was barred by the GIA. Plaintiff does not appeal this latter determination. Therefore, only the propriety of the trial court's ruling as to the first claim for relief is before us for review.

Plaintiff contends that the trial court erred in determining that his complaint against the City was barred by the one-year statute of limitations applicable to actions against police officers. We agree.

Section § 13–80–102, C.R.S.1997, provides in relevant part as follows:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within two years after the cause of action accrues, and not thereafter:

. . . .

(h) All actions against any public or governmental entity or any employee of a public or governmental entity, except as

otherwise provided in this section or section 13–80–103. . . .

As pertinent here, § 13–80–103, C.R.S. 1997, provides that:

(1) The following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter:

. . . .

(c) All actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority. . . .

Thus, an action against a public entity or public employee, generally, is subject to the two-year statute of limitations. However, when the action is against a person described in § 13–80–103(1)(c), it is subject to a one-year limitations period. *Delta Sales Yard v. Patten*, 892 P.2d 297 (Colo.1995).

Here, plaintiff's complaint included allegations which, fairly read, may be characterized as a claim against the City for the negligent operation of a jail. *See* § 24–10–106(1)(b), C.R.S.1997; *Howard v. City & County of Denver*, 837 P.2d 255, 257 (Colo.App.1992) ("duties in keeping [jail] are to receive and safely detain every person duly committed thereto").

However, because in its motion to dismiss the City argued, and plaintiff agreed, that plaintiff's claim was grounded on a theory of *respondeat superior*, the trial court reasoned that the one-year statute of limitations, otherwise applicable to police officers employed by the City, necessarily barred plaintiff's claim. The trial court agreed with the City's assertion that, because under a theory of *respondeat superior* the liability of an employer is derivative of the liability of its employee, the expiration of the statute of limitations applicable to the police officer precluded plaintiff's suit against the City.

On appeal, plaintiff argues that the trial court's determination that his claim against the City was barred by the statute of limitations applicable to a police officer employed by the City was incorrect. We agree. We conclude that: (1) a procedural bar to suit against an employee does not necessarily bar a *respondeat superior* claim against the employer; and (2) the one-year limitations period set forth in § 13–80–103(1)(c) does not apply to plaintiff's action against the City.

## A.

■ First, we do not agree with the City that an affirmative defense available to bar an action against an employee, such as the statute of limitations here, necessarily bars an action against the employer sued under a theory of *respondeat superior.*

■ In an action brought by a third party, an employer may be vicariously liable for the negligence of an employee on *respondeat superior* grounds. In such action, while the employee may be a proper party, he or she is not a necessary party. *See Lytle v. Kite*, 728 P.2d 305 (Colo.1986) (claims against employers and employees by third party are separate claims); *see also CJI–Civ.3d* 8:1–8:5 (1991).

■ In a tort action, such as here, the doctrine of *respondeat superior* imputes only the negligent acts of the employee to the employer. Thus, although a finding that an employee is not negligent requires a finding that the employer is not legally responsible, an action may proceed against an employer if the claim against the employee has been dismissed or barred, not on the merits of the claim, but on procedural grounds. *See Cheney v. Hailey*, 686 P.2d 808 (Colo.App.1984) (a dismissal which does not favorably absolve or exonerate the employee does not bar a *respondeat superior* claim against the employer). *See also Nieto v. State*, 952 P.2d 834 (Colo.App.1997) (*cert. granted* March 23, 1998) (dismissal of public employee based on affirmative defense unrelated to governmental immunity does not bar suit based on *respondeat superior* against the public entity); *Cobbin v. City & County of Denver*, 735 P.2d 214 (Colo.App.1987) (dismissal of agent did not bar action against principal on basis of *respondeat superior* ).

To the extent that the City argues that *Mosher v. City of Lakewood*, 807 P.2d 1235 (Colo.App.1991) is to the contrary, we dis-

agree. This issue was neither raised nor addressed in that opinion.

■ Accordingly, here, although an action against the police officer properly would have been barred by the one-year statute of limitations, a dismissal on that basis would have been procedural in nature and would not have operated as an adjudication on the merits; therefore, that dismissal does not bar plaintiff's action against the City to the extent it is based on a theory of *respondeat superior. See Cheney v. Hailey, supra* (failure properly to substitute parties after employee died and action against employee was dismissed did not operate as an adjudication on the merits requiring dismissal of action against employer). *Cf.* § 24–10–107, C.R.S. 1997 (where sovereign immunity is not a bar under § 24–10–106, C.R.S.1997, liability of the public entity is to be determined in the same manner as if the public entity were a private person).

### B.

■ Because we must uphold a trial court's summary judgment determination if the result is correct, *see Sundheim v. Board of County Commissioners*, 904 P.2d 1337 (Colo.App.1995), *aff'd*, 926 P.2d 545 (Colo. 1996), the dispositive question becomes whether the one-year limitations statute applies to plaintiff's claim. If so, plaintiff's action against the City, as the trial court found on different grounds, nevertheless would be barred. However, plaintiff argues, § 13–80–103(1)(c) does not apply under the circumstances here. We agree.

More often than not, statutes of limitations are classified by type of civil action as opposed to the status of defendant. Section 13–80–103(1)(c), however, is of the latter category and, by its plain terms, applies only to those persons specifically listed. Certainly, if the General Assembly had intended to extend this protection to the public entity which employs such individuals, it could have done so. *Compare* § 13–80–103(1)(c) *with* § 13–80–102(1)(f) and § 13–80–102(1)(h), C.R.S.1997 (limitations of actions against "any public or governmental entity or any employee of a public or governmental entity").

Nevertheless, defendant points out, the list of persons covered under § 13–80–103(1)(c) includes a "law enforcement authority," which, defendant suggests, includes public entities such as the City. We do not agree.

A one-year statute of limitations for all actions against sheriffs has been in effect since before the turn of the century. Such abbreviated limitations period was "framed in the interests of the officers mentioned and their official bondsmen." *People v. Cramer*, 15 Colo. 155, 25 P. 302 (1890) (purpose of statute is to prevent annoyance and injustice through the prosecution against officers and bondsmen of stale claims predicated upon official neglect or other misconduct). *See Bailey v. Clausen*, 192 Colo. 297, 557 P.2d 1207 (1976) (classification by occupations and professions in one-year statute of limitations is not unconstitutional special legislation).

The statute was amended twice to add additional categories of protected persons. In 1921, the statute was amended to apply, with certain limited exceptions, to "[a]ll actions against sheriffs and coroners upon any liability incurred by them by the doing of any act in their official capacity." *See* Colo. Sess. Laws 1921, ch. 114, at 695. Upon reenactment, the statute was expanded to its present form to include "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority...." Section 13–80–103(1)(c).

In *Delta Sales Yard v. Patten, supra*, in determining that the term "law enforcement authority" included a state brand inspector, the supreme court noted that the General Assembly broadened the protection afforded by the one-year statute of limitations for coroners and sheriffs to "others with law enforcement authority." The court noted that the term "authority" meant "persons, especially in government, having the power or right to enforce orders, laws, etc." It further noted that the term, when used as a noun, also was defined as a "government agency that administers a project." Ultimately, the court concluded that the General Assembly "intended the phrase [law enforcement authority] to refer to those persons who have the statutory authority to enforce the laws of the state of Colorado." *Delta*

*Sales Yard v. Patten, supra,* 892 P.2d at 300. *See also Bailey v. Clausen, supra* (referring to protection of "the persons designated").

The *Delta Sales Yard* court did not, however, address whether the General Assembly intended that § 13–80–103(1)(c) apply to the governmental agency that employed the person possessing such law enforcement authority. Considering the question here, we conclude that it did not.

■ The maxim of *ejusdem generis* provides that, when general words follow specific words in a statutory enumeration, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words. 2A N. Singer, *Sutherland Statutory Construction* § 47.17 (5th ed.1992). It applies when: (1) the statute contains an enumeration by specific words; (2) the members of the enumeration suggest a class; (3) the class is not exhausted by the enumeration; (4) there is a general reference supplementing the enumeration, usually following it; and (5) there is not clearly manifested an intent that the general term be given a broader meaning than the doctrine requires. 2A N. Singer, *Sutherland Statutory Construction* § 47.18 (5th ed.1992). The doctrine is to be used as an interpretive aid only when the General Assembly's intent is unclear. *Lyman v. Town of Bow Mar,* 188 Colo. 216, 533 P.2d 1129 (1975).

The term "law enforcement authority" is ambiguous because it can include individuals who possess "law enforcement authority" and also a governmental entity that has such authority. *See Delta Sales Yard v. Patten, supra.* However, the enumeration of sheriffs, coroners, police officers, firefighters, and national guardsmen in § 13–80–103(1)(c), as discussed, creates a class of individuals whose duties include enforcing local government laws, ordinances, and preserving the public peace. *See* § 18–1–901(3)(1), C.R.S. 1997 (defining peace officer).

Thus, because the words preceding the term "law enforcement authority" all describe individuals, it would be anomalous to construe the term "law enforcement authority" to broaden the class and include the entities for whom these individuals work. We conclude that a more logical construction is that the term "law enforcement authority" includes only those individuals not specifically named who possess similar powers. 2A N. Singer, *Sutherland Statutory Construction* § 47.19 (5th ed.1992) (where general words are subjoined to specific words, the general words will not include any objects of a class superior to that designated by the specific words).

This interpretation is consistent with the long history of protection given to individual officials such as sheriffs, as well as with § 13–80–102(1)(h), which otherwise sets forth a two-year statute of limitations for claims against public entities brought under § 24–10–106(1)(b), for negligent operation of a jail or correctional facility.

Therefore, we conclude that, for an action brought against the public entity that is based on the actions of one of the listed individuals, the two-year limitations period in § 13–80–102(1)(h), rather than the one-year period contained in § 13–80–103(1)(c), is controlling. Accordingly, plaintiff's claim that is at issue here is not barred.

The judgment is reversed and the cause is remanded with directions to reinstate plaintiff's claim for relief.

Judge METZGER and Judge ROY concur.