Ashley NICHOLS, a minor, by and through her next friend and mother, Kathy Nichols, Petitioner–Appellee and Cross–Appellant,

v.

Jon DeSTEFANO, in his official capacity as Chairman of the Board of Education of Jefferson County Public School District R–1; Debra Oberbeck, in her official capacity as a member of the Board of Education of Jefferson County Public School District R–1; Karen Litz, in her official capacity as a member of the Board of Education of Jefferson County Public School District R–1; Vince Chowdhury, in his official capacity as a member of the Board of Education of Jefferson County Public School District R–1; Tori Merritts, in her official capacity as a member of the Board of Education of Jefferson County Public School District R–1; and Jefferson County Public School District R–1, Respondents–Appellants and Cross–Appellees.

No. 01CA0783.

Colorado Court of Appeals,
Div. IV.

Aug. 15, 2002.

Certiorari Granted May 27, 2003.

Richard M. Borchers, P.C., Richard M. Borchers, Westminster, Colorado, for Petitioner–Appellee and Cross–Appellant.

Caplan & Ernest, L.L.C., Thomas S. Crabb, W. Stuart Stuller, Derek H. Kiernan Johnson, Boulder, Colorado, for Respondents–Appellants and Cross–Appellees.

Opinion by Judge NEY.

Defendants, Jefferson County Public School District R–1 and the chairman and members of its board of education (collectively, School District), appeal the judgment of the district court vacating the order of expulsion of a student, plaintiff, Ashley Nichols. Nichols cross-appeals the district court's dismissal of separate claims related to the expulsion procedure and expulsion hearing. We affirm the judgment and remand with instructions.

Nichols was a tenth-grade student at Golden High School. She admitted her participation in a fight with another student and was initially suspended for this conduct. Subsequently, school administrators recommended that Nichols be expelled, and she requested a hearing on that recommendation.

Before that hearing, Nichols requested to contact and, ultimately, to subpoena two of her teachers to provide evidence of her character. Both of these requests were denied.

At the hearing, Nichols again admitted the conduct. Despite this admission, the school offered numerous statements of anonymous students regarding the event.

The hearing officer recommended expulsion for the remainder of the school year. The superintendent concurred with this recommendation and expelled Nichols accordingly. Upon Nichols' request for review, the board of education affirmed the expulsion.

Nichols filed a petition in the district court for review of her expulsion pursuant to §§ 22–33–105(2)(c) and 22–33–108(3), C.R.S. 2001. The district court concluded that the School District's refusal to compel witnesses violated Nichols' due process rights, finding that "the record in this case supports a clear result of the Board making it as difficult as possible for Nichols to present evidence in her favor." The district court thus remanded the matter to the School District for rehearing. The district court dismissed Nichols's other claims.

I.

The School District contends that the district court had no authority to review Nichols's due process claims. We disagree.

■ A ruling by the district court that is without proper authority lacks jurisdiction and is void. *See United States National Bank v. Bartges,* 120 Colo. 317, 337, 210 P.2d 600, 610 (1949)("if a court having jurisdiction of the parties and the subject matter, renders a judgment in which it transcends the power conferred by law, in so doing it acts without jurisdiction, and its judgment is void"); *see also V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224–25 (10th Cir.1979)(voidness may "arise if the court's action involves a plain usurpation of power").

The district court has the authority to review an action of a board of education for an abuse of discretion. Section 22–33–108(3); C.R.C.P. 106(a)(4).

■ To determine whether the board of education abused its discretion, the district court must examine the entire procedure used in the student's expulsion, including the board's exercise of discretion to provide a certain level of due process to the student. *Tepley v. Public Employees Retirement Ass'n,* 955 P.2d 573, 578 (Colo.App.1997)("denial of due process by an agency in its exercise of quasi-judicial functions may serve as the basis for a determination ... that the agency abused its discretion"); *Carpenter v. Civil Service Comm'n,* 813 P.2d 773 (Colo.App.1990). Thus, the power to review due process claims is inherent in the district court's authority to review the board's determinations for an abuse of discretion.

Here, the district court's review of Nichols's due process claims was necessary and proper to determine whether the School District abused its discretion in expelling her. Therefore, we conclude that the district court did not exceed its authority and its order is not void on jurisdictional grounds.

## II.

The School District next contends that the district court erred in determining that the Nichols's due process rights were violated at her expulsion hearing. We disagree.

■ Our review of this constitutional determination is de novo. *Keohane v. Stewart,* 882 P.2d 1293 (Colo.1994); *Evans v. Romer,* 854 P.2d 1270 (Colo.1993).

■ Administrative hearings need not be overly strict or unduly rigid in matters of procedure. *National Heritage, Inc. v. Pritza,* 728 P.2d 737 (Colo.App.1986). Yet, the relaxed procedure is not a license to violate fundamental fairness. *See deKoevend v. Board of Education,* 688 P.2d 219 (Colo. 1984); *Sclavenitis v. City of Cherry Hills Village Board of Adjustment & Appeals,* 751 P.2d 661 (Colo.App.1988). To insure the fairness of these hearings, due process requires, at a minimum, notice and an opportunity to be heard in a meaningful manner. *Goss v. Lopez,* 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975)(due process must be provided to a student upon his or her removal from school).

■ In evaluating the inherent fairness of a hearing, we must consider the total effect of the entire procedure on the rights of the individual. *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)(evaluation of due process includes an assessment of the risk of an erroneous deprivation of a protected interest through the procedures used); *Hannah v. Larche,* 363 U.S. 420, 442, 80 S.Ct. 1502, 1514, 4 L.Ed.2d 1307, 1321 (1960); *Hillman ·v. Elliott,* 436 F.Supp. 812 (W.D.Va.1977). Rather than a narrow focus on particular factors, the court must examine the totality of the procedures afforded and their effect on the fundamental fairness of the hearing. *See Mathews v. Eldridge, supra; Widomski v. Chief of Police,* 41 Md.App. 361, 397 A.2d 222 (1979).

■ Here, upon review of the totality of the circumstances, we conclude that Nichols did not receive a fair hearing.

First, she was not able to obtain the testimony of two of her teachers. Before the hearing, her attorney had requested to speak with two teachers to gather information and, potentially, to request their attendance at the hearing. Her attorney considered these teachers to be represented by the School District's attorney. Therefore, to avoid violating Colorado Rule of Professional Conduct 4.2, Nichols's attorney concluded that contact with these teachers was prohibited without the permission of the School District's attorney. As the School District considered any

potential evidence gathered from these teachers "irrelevant," this request was denied.

Nichols's request that the hearing officer compel the teachers' attendance to testify as to her good character also was denied.

Nichols asserts that this evidence was relevant to show that expulsion was not the proper sanction under these circumstances. In response, the School District asserts that the hearing officer lacked the explicit statutory authority to compel the attendance of witnesses.

We agree that the statute does not explicitly provide for compulsion of witnesses in school expulsion hearings. Section 22–33–105(2)(c), C.R.S.2001; *see Nye v. Motor Vehicle Division*, 902 P.2d 959 (Colo.App.1995) (authority to issue subpoenas is derived from statute). However, despite this lack of authority, the School District was in a position to permit Nichols's attorney to speak with these teachers or to request, at a minimum, that the teachers voluntarily attend the hearing. Even absent statutory authority to compel witnesses, the School District is not allowed to isolate potential witnesses from the student.

█ Regardless of its actions, the School District asserts that any additional evidence is immaterial because Nichols admitted to the fight. Upon review, this argument appears disingenuous as the School District offered substantial evidence despite Nichols's admission. In any case, the argument misconstrues the purpose and scope of the hearing.

Under the relevant statutes and school regulations, expulsion for this conduct was not mandatory. Section 22–33–106, C.R.S. 2001 (indicating behavior for which expulsion is mandatory); Jefferson County Public Schools Conduct Code 55–57. Thus, the purpose of the hearing was to determine whether expulsion was the appropriate disciplinary action for Nichols's conduct. As a result, the School District had discretion to determine whether expulsion or a lesser sanction was appropriate. Therefore, evidence of Nichols's character and other behavior was relevant to determine whether expulsion was

warranted for this student under these circumstances. While it may be an important factor, Nichols's admission to the conduct was only one consideration in determining what level of sanction was warranted here.

Further, we conclude that the hearing was unfair based on the disparity between the parties' abilities to present evidence. The School District did not share the same restrictions as the student. The hearing officer permitted it to present numerous anonymous statements of other students regarding the events surrounding the fight. Not only did these statements permit the School District to offer a more expansive view of the relevant facts than Nichols's could, but Nichols's had no opportunity to challenge these anonymous statements.

When viewed together, these procedural failures demonstrate a substantial restriction in Nichols's opportunity to be heard on the sanction to be imposed. Upon review of the totality of the circumstances at this hearing, we conclude that Nichols's was unable to present effectively all relevant evidence and challenge the evidence offered against her.

### III.

On cross-appeal, Nichols alleges other various improprieties in the expulsion hearing and in the procedure prior to the hearing. Insofar as the issues are not moot based upon our disposition of the case, we affirm the judgment of the district court in regard to such issues.

The district court's judgment is affirmed, and the case is remanded for a new hearing before the School District in accordance with the opinion.

Judge ROTHENBERG and Judge VOGT concur.