**Shawn GEERDES, Plaintiff–Appellant,**

v.

**DIRECTOR, COLORADO DEPARTMENT OF CORRECTIONS and Warden, Crowley County Correctional Facility, Defendants–Appellees.**

No. 09CA0644.

Colorado Court of Appeals,
Div. V.

Feb. 4, 2010.

Shawn Geerdes, Pro Se.

Hall & Evans, LLC, Joseph P. Sanchez, Samantha L. Halliburton, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge RUSSEL.

This appeal arises from an inmate's request for judicial review under C.R.C.P. 106.5. Plaintiff, Shawn Geerdes, appeals the district court's judgment in favor of defendants, the Director of the Colorado Department of Corrections (DOC) and the Warden of the Crowley County Correctional Facility. We reverse and remand for further proceedings.

## I. Background

The Crowley County Correctional Facility is a private prison that operates under contract with the DOC. In 2008, while housed at the prison, Geerdes was charged with a disciplinary infraction. He was convicted by a hearing officer and sentenced to punitive segregation.

Geerdes appealed his conviction to the prison's warden. On December 2, 2008, the warden upheld the conviction. A few days later, on December 10, the warden's decision was reviewed by the DOC's Private Prisons Monitoring Unit.

On January 7, 2009, Geerdes filed this action for judicial review of his disciplinary conviction. The district court dismissed the complaint as untimely and entered judgment for defendants.

We conclude that the district court ruled incorrectly.

## II. Discussion

After exhausting administrative remedies, an inmate may obtain judicial review of a disciplinary conviction by filing an action under C.R.C.P. 106.5(a). The inmate's complaint must be filed within thirty days of the "final decision of the body or officer." C.R.C.P. 106(b); C.R.C.P. 106.5(a) (incorporating, by reference, the provisions of C.R.C.P. 106(b)); *see Wallin v. Cosner*, 210 P.3d 479, 480 (Colo.App.2009) (deadline may not be waived or tolled).

Here, Geerdes filed his complaint more than thirty days after the warden approved the conviction. But contrary to defendants' view, this fact is inconsequential because the warden's decision was not the "final decision of the body or officer," within the meaning of C.R.C.P. 106(b).

By statute, a private prison lacks authority to "[m]ake a final determination on a disciplinary action that affects the liberty of an inmate." § 17–1–203(1)(c), C.R.S.2009; *see also Frazier v. Carter,* 166 P.3d 193, 196 (Colo.App.2007) (although a private prison may issue charges and conduct a disciplinary hearing, it lacks independent authority to punish an inmate). The final determination is made, under the governing regulations, by the DOC's Private Prisons Monitoring Unit. *See* DOC Admin. Reg. 150–01(IV)(E)(3)(r) (DOC "is obligated to review all [disciplinary] convictions" obtained in a private prison; following the warden's review, the monitoring unit reviews the disposition "for appropriateness"). Because Geerdes filed his complaint within thirty days of the monitoring unit's review, his action was timely.

We are aware of language in DOC Admin. Reg. 150–01(IV)(E)(3)(s)(5) stating that a warden's decision "should be final." But we conclude that this regulation does not confer the type of finality that triggers the thirty-day period. In the context of this regulation, the phrase "should be final" means only that the warden's decision should be complete and definite (not preliminary, tentative, or contingent). *See Webster's Third New International Dictionary* 851 (2002) ("final" means, among other things, "decisive" or "definitive"). A contrary interpretation would both nullify the regulatory role of the DOC's monitoring unit and violate section 17–1–203(1)(c).

The judgment is reversed, and the case is remanded for further proceedings on Geerdes's complaint.

Judge GRAHAM and Judge LICHTENSTEIN concur.