Opinion by JUDGE FOX
¶ 1 Plaintiff Anthony Max Garcia, an inmate at Sterling Correctional Facility (Sterling), was convicted of assault under the Colorado Department of Corrections (CDOC) Code of Penal Discipline (COPD). He filed an action in district court challenging his COPD conviction, and the district court dismissed the action as not timely filed. Garcia now appeals the district court's order dismissing his claims. We affirm in part, reverse in part, and remand the case to the district court with directions.
I. Background
¶ 2 Garcia was charged with assault under the COPD after a corrections officer accidentally pricked herself on a sewing needle he kept in his cell. Garcia was not present at the time-the incident happened during a search of Garcia's cell in his absence-but he was charged under the COPD, found culpable at a hearing on the charge, and disciplined. He was also required to pay restitution.
¶ 3 Garcia's lawsuit challenged his conviction. His complaint alleged:
(1) Garcia's disciplinary hearing did not comply with constitutional due process requirements;
(2) the COPD definition of assault was unconstitutionally vague on its face and as applied to him;[1]
(3) the CDOC exceeded its authority when it ordered him to pay restitution;
(4) section 17-1-111, C.R.S.2014, which exempts CDOC from certain provisions of the Administrative Procedure Act, sections 24-4-101 to - 108, C.R.S.2014, violates constitutional separation-of-powers principles; and
(5) the collection of restitution unjustly enriched CDOC.
Garcia asked the district court to vacate his COPD assault conviction, return the money he had paid in restitution, and issue an order declaring section 17-1-111 and the COPD definition of assault unconstitutional.
¶ 4 The defendants moved to dismiss the action, arguing that Garcia's complaint-which was filed nearly two years after his COPD conviction became final-was time barred under C.R.C.P. 106.5 and section 13-80-103(1)(c), C.R.S.2014. At the time, Rule 106.5 required that actions "brought by an inmate to review a decision resulting from a quasi-judicial hearing of [the CDOC]" be filed within thirty days after the final decision of the hearing body or officer. C.R.C.P. 106(b) (2011); C.R.C.P. 106.5(a) (incorporating, by reference, the provisions of C.R.C.P. 106(b) ).[2] Section 13-80103(1)(c) establishes a one-year statute of limitations for "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority."
¶ 5 Garcia countered that neither Rule 106.5 nor section 13-80-103(1)(c) applied to his claims. Instead, he argued, the filing *564 deadline applicable to his case is found in section 13-80-102(1)(h), C.R.S.2014, which establishes a two-year statute of limitations for "[a]ll actions against any public or governmental entity or any employee of a public or governmental entity, except as otherwise provided in ... section 13-80-103." Because his complaint was filed within two years of his COPD conviction, he argued, his claims were not time barred.
¶ 6 The district court determined that Garcia's complaint was time barred under Rule 106.5 and dismissed the case for lack of jurisdiction. See Wallin v. Cosner, 210 P.3d 479, 480 (Colo.App.2009) (The filing deadline contained in C.R.C.P. 106(b)" 'is jurisdictional and cannot be tolled or waived.' " (quoting Fraser v. Colo. Bd. of Parole, 931 P.2d 560, 562 (Colo.App.1996) )). Garcia now challenges the district court's order of dismissal, except as to claims one and five.
II. Applicability of C.R.C.P. 106.5
¶ 7 Garcia first argues that the district court erred by concluding that Rule 106.5 applies to this action. He argues that his claims challenged "CDOC's establishment of policies and general application of those policies," not his disciplinary conviction, and that therefore they were not subject to the thirty-day deadline established by the rule. With respect to Garcia's fourth claim and portions of his second and third claims, we agree. With respect to the remaining portions of claims two and three, however, we disagree.
A. The Scope of C.R.C.P. 106.5
¶ 8 "After exhausting administrative remedies, an inmate may obtain judicial review of a disciplinary conviction by filing an action under C.R.C.P. 106.5(a)." Geerdes v. Dir., Colo. Dep't of Corr., 226 P.3d 1261, 1261 (Colo.App.2010). Rule 106.5"applies to every action brought by an inmate to review a decision resulting from a quasi-judicial hearing of any facility of the Colorado Department of Corrections." C.R.C.P. 106.5(a).
¶ 9 Judicial review under Rule 106.5 is limited "to a determination of whether the [quasi-judicial] body or officer has exceeded its jurisdiction or abused its discretion." C.R.C.P. 106(a)(4)(I) ; C.R.C.P. 106.5(a) ; see also People v. Garcia, 259 P.3d 531, 533 (Colo.App.2011). Claims that do not challenge quasi-judicial action by the CDOC or its employees are outside the scope of the rule. See Verrier v. Colo. Dep't of Corr., 77 P.3d 875, 879 (Colo.App.2003) ; Jones v. Colo. Dep't of Corr., 53 P.3d 1187, 1191 (Colo.App.2002). Therefore, Rule 106.5 does not apply to actions challenging the CDOC's policy-making authority or to facial constitutional challenges to administrative policies and regulations. Such actions attack the CDOC's quasi-legislative actions rather than the exercise of its quasi-judicial powers. See Mariani v. Colo. Dep't of Corr., 956 P.2d 625, 630 (Colo.App.1997) ("[A] facial challenge to administrative regulations on the grounds of vagueness and overbreadth is beyond the scope of C.R.C.P. 106(a)(4)."); see also Danielson v. Zoning Bd. of Adjustment, 807 P.2d 541, 543 (Colo.1990) (" C.R.C.P.106(a)(4) and its ... time limitation apply only to judicial review of a quasi-judicial action of an inferior tribunal and do not apply to challenges to legislative acts."); Tri-State Generation & Transmission Co. v. City of Thornton, 647 P.2d 670, 677 (Colo.1982) (a facial constitutional challenge to a city ordinance did not attack a decision of a quasi-judicial body, and therefore did not fall under Rule 106(a)(4) ); Margolis v. Dist. Court, 638 P.2d 297, 305 (Colo.1981) (city council's enactment of zoning ordinances constitutes legislative action beyond the scope of Rule 106 ); Higby v. Bd. of Cnty. Comm'rs, 689 P.2d 635, 638 (Colo.App.1984) (holding that Rule 106(a)(4) provides the exclusive means for challenging a quasi-judicial zoning determination unless the complaint includes a facial challenge to the zoning ordinance in question).[3]
*565 ¶ 10 Conversely, where an inmate challenges the CDOC's quasi-judicial action, his claim falls within the scope of Rule 106.5, and he must bring his action in accordance with the rule. Due process challenges to the hearing procedure, challenges to the hearing officer's factual findings, and as-applied constitutional challenges to the COPD or other administrative regulations all constitute challenges to CDOC's quasi-judicial action. See Tri-State Generation & Transmission Co., 647 P.2d at 676 n. 7 (holding that as-applied constitutional challenges concern the application of a rule to a particular party, and thus constitute challenges to quasi-judicial action); see also Nichols ex rel. Nichols v. DeStefano, 70 P.3d 505, 507 (Colo.App.2002) (the district court has the power to review due process claims when evaluating whether a quasi-judicial body abused its discretion); Fisher v. Colo. Dep't of Corr., 56 P.3d 1210, 1213 (Colo.App.2002) (a quasi-judicial body abuses its discretion when it fails to provide due process). Thus, those claims must be brought in a Rule 106.5 action.
¶ 11 We review de novo the district court's determination of whether a plaintiff's complaint sought review of a governmental body's quasi-judicial functions or its quasi-legislative actions. Jones, 53 P.3d at 1191. If possible, we will uphold a district court's decision reaching a correct result, even if the district court's reasoning was incorrect. See Sundheim v. Bd. of Cnty. Comm'rs, 904 P.2d 1337, 1345 (Colo.App.1995), aff'd, 926 P.2d 545 (Colo.1996).
B. The Effect of C.R.C.P. 106.5 on Garcia's Claims
¶ 12 Portions of Garcia's second and third claims challenged only quasi-judicial action. In claim two, Garcia asserted that the COPD definition of assault under which he was convicted was unconstitutionally vague on its face and as applied. In claim three, he claimed that the CDOC exceeded its authority by garnishing his inmate account to pay the restitution. Each of these claims challenged the CDOC's application of rules and policies to Garcia's COPD charge, a quasi-judicial function. Therefore, they fell within the scope of Rule 106.5, and were subject to the rule's filing deadline. See Danielson, 807 P.2d at 543. Because neither claim was filed within the thirty-day period for filing Rule 106.5 actions, the portions of claims two and three that challenged quasi-judicial action were time barred under Rule 106.5, and the trial court did not err by dismissing them. See Cosner, 210 P.3d at 480.
III. Section 13-80-103 Establishes the Filing Deadline for Garcia's Remaining Claims
¶ 13 Garcia's remaining claims were not within the scope of Rule 106.5. The remainder of claim two asserted that the COPD definition of assault under which Garcia was convicted was unconstitutionally vague on its face. A portion of claim three asserted that the CDOC has adopted a monetary restitution policy for COPD infractions that violates the Separation of Powers Clause of Article III of the Colorado Constitution. Claim four asserted that section 17-1-111 facially violates separation-of-powers principles. These claims challenged the facial validity of statutes and CDOC rules-legislative and quasi-legislative acts-not their application to Garcia. Therefore, they did not challenge quasi-judicial action of the CDOC, and Rule 106.5 and its filing deadline do not apply. See Danielson, 807 P.2d at 543. The parties disagree, however, as to what filing deadline applies to these remaining claims.
¶ 14 Under section 13-80-102(1)(h), a two-year statute of limitations applies to "[a]ll actions against any public or governmental entity or any employee of a public or governmental *566 entity, except as otherwise provided in ... section 13-80-103." Under section 13-80-103(1)(c), a one-year statute of limitations applies to "[a]ll actions against sheriffs, coroners, police officers, firefighters, national guardsmen, or any other law enforcement authority."
¶ 15 Garcia's complaint named seven defendants: (1) the State of Colorado; (2) Governor John Hickenlooper; (3) the executive director of the CDOC; (4) the warden of Sterling Correctional Facility; (5) the CDOC officer who presided over his disciplinary hearing; and (6) John Doe and (7) Jane Doe, two corrections officers involved in collecting restitution from Garcia. Because each of these defendants is either a governmental entity or was named in their official capacity, Garcia asserts that his action "is a suit against a public entity," and is therefore subject to the two-year filing deadline set by section 13-80-102(1)(h). The defendants counter that Garcia's suit is an action against various law enforcement authorities. Therefore, they argue, the one-year statute of limitations applies. With respect to Garcia's claims against CDOC officials and employees, we agree with the defendants. With respect to Garcia's claims against Governor Hickenlooper and the State of Colorado, we agree with Garcia.
¶ 16 The phrase "law enforcement authority" is not defined in section 13-80-103. In Delta Sales Yard v. Patten, 892 P.2d 297, 300 (Colo.1995), the Colorado Supreme Court turned to the definition of "peace officer" in section 18-1-901(3) to determine whether a state brand inspector was a law enforcement authority under section 13-80-103. A peace officer, as defined in section 16-2.5-101, C.R.S.2014, has "the authority to enforce all laws of the state of Colorado while acting within the scope of his or her authority and in the performance of his or her duties." Colorado statutes use the terms "peace officer" and "law enforcement officer" interchangeably. § 16-2.5-101(3). Because brand inspectors are peace officers endowed with the statutory power to arrest, the Delta Sales Yard court reasoned, they are law enforcement authorities under section 13-80-103. Id. at 300-01.
¶ 17 We find Delta Sales Yard to be instructive. Because peace officers are granted the authority to enforce Colorado law, they are "law enforcement authorities" for purposes of section 13-80-103. Under section 16-2.5-135, C.R.S.2014, "[t]he executive director of the department of corrections, a warden, a corrections officer employed by the department of corrections, or other department of corrections employee assigned by the executive director, is a peace officer while engaged in the performance of his or her duties pursuant to title 17, C.R.S." Therefore, five of the named defendants in this case-the CDOC's executive director, the warden of Sterling, the hearing officer, and the two unnamed corrections officers-are "law enforcement authorities" for purposes of section 13-80-103(1)(c). Because Garcia failed to file his claims against those defendants within one year after his cause of action arose, those claims were time barred, and the trial court properly dismissed them. See Sundheim, 904 P.2d at 1345.
¶ 18 Gallegos v. City of Monte Vista, 976 P.2d 299 (Colo.App.1998), which Garcia cites to support his contrary argument, does not compel the opposite conclusion. In Gallegos, a former inmate at the Monte Vista police station sued the City of Monte Vista on respondeat superior grounds for injuries he incurred while in the custody of Monte Vista police. Id. at 300. A division of this court held that the plaintiff's action against the city was not subject to the one-year statute of limitations in section 13-80-103. Id. at 302. The division reasoned that, though the police officers might have been proper parties, because the city could be held vicariously liable for the negligent acts of its employees under respondeat superior principles, the city was also a proper defendant. Id. The Gallegos division noted, however, that any action against the police officers themselves would be time barred under section 13-80-103. Id.
¶ 19 Garcia, unlike the plaintiff in Gallegos, has sued five law enforcement authorities directly. Therefore, section 13-80-103 applies to his claims against those defendants, and those claims are time barred. The two-year statute of limitations contained in section 13-80-102 applies to Garcia's remaining *567 claims against the State of Colorado and Governor Hickenlooper. Therefore, those claims were timely filed, and the district court erred by dismissing them as time barred.
IV. Conclusion
¶ 20 We affirm the district court's order dismissing Garcia's as-applied constitutional challenges in claims two and three. We also affirm the dismissal of Garcia's remaining claims against the executive director of the CDOC, the warden of the Sterling Correctional Facility, the hearing officer who presided over his disciplinary hearing, and two unnamed corrections officers.
¶ 21 We reverse the trial court's order dismissing, as time barred, Garcia's fourth claim against Governor Hickenlooper and the State of Colorado. We also reverse the dismissal on timeliness grounds of Garcia's facial constitutional challenge against those defendants in claim two and his facial constitutional challenge to CDOC policies in claim three. These claims are reinstated, and the case is remanded to the district court for further proceedings consistent with this opinion. On remand, the district court should determine whether Garcia has properly stated causes of action against the State of Colorado and Governor Hickenlooper in the reinstated claims. The court may, in its discretion, request additional briefing on the matter.
JUDGE BERNARD and JUDGE ASHBY concur.

The COPD definition of assault was changed after Garcia's initial complaint was filed. See DOC Admin. Reg. 150-01(IV)(D)(4.2) (effective March 15, 2014). Garcia does not challenge the constitutional validity of the new definition.

The deadline is now twenty-eight days after the final decision of the body or officer. See C.R.C.P. 106(b).

We are aware of some cases that appear to hold that Rule 106 and Rule 106.5 complaints must include all constitutional claims. See, e.g., Bd. of Cnty. Comm'rs v. Sundheim, 926 P.2d 545, 548 (Colo.1996) ( "A C.R.C.P. 106(a)(4) complaint must include all causes of action, including constitutional claims, in a single C.R.C.P. 106(a)(4) action."); Norby v. City of Boulder, 195 Colo. 231, 236, 577 P.2d 277 (1978) ("[O]ne challenging a rezoning determination must prosecute all of his causes, including claims of unconstitutionality, in one action."); Snyder v. City of Lakewood, 189 Colo. 421, 427, 542 P.2d 371, 375 (1975) ("Rule 106(a)(4) is now an exclusive remedy to challenge a Rezoning determination where the entire General zoning ordinance is not challenged and where a review of the record would be an adequate remedy."). The Colorado Supreme Court has clarified, however, that these cases refer only to due process claims and as-applied constitutional challenges; facial constitutional challenges-which concern legislative rather than judicial action-are not within the scope of the rule. See Margolis v. Dist. Court , 638 P.2d 297, 305 (Colo.1981) (expressly overruling any language in Snyder which might be read as finding a municipality's legislative actions to be quasi-judicial actions challengeable under C.R.C.P. 106 ).