24CA1924 Sellards v Mesa 07-17-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1924
Mesa County District Court No. 23CV30007
Honorable Valerie J. Robison, Judge

---

Corbin Sellards, a minor, and through his parent and next friend, Michelle Stanton,

Plaintiffs-Appellants,

v.

Mesa County Valley School District 51,

Defendant-Appellee.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE BROWN
Dunn and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 17, 2025

---

Kishinevsky Raykin LLC, Igor Raykin, Connor O'Donnell, Aurora, Colorado, for Plaintiffs-Appellants

Tammy Eret, Grand Junction, Colorado, for Defendant-Appellee

¶ 1     The plaintiff, Corbin Sellards, a minor appearing through his parent and next of friend, Michelle Stanton, appeals the district court's denial of his petition to set aside the decision of the Board of Education (the Board) of Mesa County Valley School District 51 (the District) affirming his expulsion through the end of the 2022-2023 school year.  We affirm.

## I.     Background

¶ 2     Sellards was a student at Mount Garfield Middle School (the School).  On October 12, 2022, two students reported that while riding the bus to school, Sellards threatened to shoot up the school and a teacher.  Following an investigation, which included interviewing numerous students and conducting a threat assessment, the School principal determined that Sellards had engaged in conduct that "was a significant interruption to learning and created a situation that made students feel unsafe and uncomfortable," suspended Sellards from the School, and recommended that Sellards be expelled for one calendar year.

¶ 3     The District provided Sellards notice of the School's recommendation and of the date, time, and location of a hearing on the contemplated expulsion, if Sellards requested it.  Sellards

requested and was provided a hearing before an impartial hearing officer.

¶ 4     Sellards, his mother, and his attorney attended the expulsion hearing. The School principal presented evidence of the incident prompting the request for discipline, as well as a prior incident for which the School had placed Sellards on a safety plan after it discovered that he drew a picture of a gun on a shed behind the School and sent threatening emails from his laptop. Sellards had the opportunity to present evidence, cross-examine witnesses, and make arguments. Rather than contest the evidence offered by the School, Sellards' attorney conceded that "the evidence . . . is pretty clear, there's not much point in debating that." Instead, Sellards' attorney opted to focus his argument on whether Sellards was a threat and on alternatives to expulsion as the proper discipline.

¶ 5     The hearing officer issued a written order reflecting his findings of fact based on the evidence, his conclusion that Sellards had violated school board policies, and his recommendation that the District superintendent expel Sellards through the end of the 2022-2023 school year. The District superintendent adopted the recommendation and issued a disciplinary order expelling Sellards

2

from the District. The disciplinary order advised Sellards and his parents that they had the right to appeal the disciplinary order to the Board by filing a notice of appeal within ten days after receiving the order.

¶ 6 Sellards' mother timely filed a notice of appeal with the Board, which included arguments that Sellards presented a low threat risk and that the "punishment does not fit the crime." In a letter dated November 16, 2022, the Board acknowledged receipt of Sellards' appeal and informed Sellards that he had fifteen days to submit the record from the expulsion hearing and file any written arguments or authorities to support his appeal.[1] It advised that the "record on appeal consists of whatever portions of the testimony and exhibits presented at the expulsion hearing you contend are relevant to the specific issues you raise on appeal." And it informed Sellards that "[w]here the basis for appeal is that the [s]uperintendent's decision rests upon findings of fact that are clearly erroneous or

---

[1] The letter indicated that a copy of the District regulation establishing the appeal procedures was attached. Only a partial copy of that regulation is included in the record on appeal. The full version can be accessed on the District's website. Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R: Student Suspension/Expulsion* (revised Jan. 19, 2021), https://perma.cc/4AZ9-VLNX.

unsupported by substantial evidence," Sellards would be responsible for purchasing and providing the Board with a transcript of the expulsion hearing.

¶ 7 The Board explained that, upon receipt of the record and written argument, the superintendent would have an opportunity to respond. It noted that Sellards "may request an opportunity to present an oral argument to the Board" but that the Board could deny the request. And it indicated that it would render a decision within ten days after receiving the superintendent's response or the date of oral argument, whichever was later. The Board clarified that the appeal is "not an opportunity for a new expulsion hearing or for the Board to consider a less severe punishment" and must be "based on the facts as they were presented in the hearing."

¶ 8 Sellards' attorney emailed the District's legal counsel on November 22 to protest the requirement that Sellards provide a transcript of the appeal hearing as "a condition of moving forward with the appeal." Sellards' attorney did not receive a response. Sellards did not file any additional written arguments or authorities within the fifteen-day deadline and did not request oral argument.

¶ 9    On November 30, Sellards' mother emailed the Board, seeking an update on the status of the appeal and asking whether there was "anything [they] need to do in order to move forward." In the afternoon on December 6, the Board responded via email that it would consider Sellards' appeal at a Board meeting that evening. During the meeting, the Board reviewed Sellards' "letter of appeal," the expulsion packet, and the hearing officer's findings and unanimously decided to uphold the superintendent's disciplinary order. On December 9, the Board informed Sellards of its decision.

¶ 10    Sellards filed a petition in the Mesa County District Court to set aside the Board's decision under section 22-33-108(2), C.R.S. 2024. He argued that the Board (1) improperly conditioned his "ability to appeal on his payment and obtainment of the hearing transcript, which in effect denied him the ability to meaningfully appeal his expulsion"; and (2) denied him due process by failing to notify him when the Board would consider his appeal, "thus preventing [him] from presenting his arguments before the [Board] and responding to questions of clarification from the [Board]." The district court denied Sellards' petition, concluding that the Board had provided Sellards due process.

II.    Analysis

¶ 11    Sellards contends that the district court erred by (1) refusing to supplement the certified record with exhibits he contends were necessary to resolve his due process claim and (2) concluding that the Board had provided Sellards with adequate procedural due process.  We perceive no basis to reverse.

A.    Applicable Law and Standard of Review

¶ 12    Section 22-33-105, C.R.S. 2024, provides the procedure for student expulsion proceedings.  If an expulsion hearing is requested, the school district is required to conduct an evidentiary hearing and produce a written report with findings of fact and recommendations as to the resulting punishment. § 22-33-105(2.3)(a), (c); *see also* Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R: Student Suspension/Expulsion* (B)(4) (revised Jan. 19, 2021), https://perma.cc/4AZ9-VLNX.

¶ 13    Administrative hearings of this sort do not require overly strict or unduly rigid procedures.  *Nichols v. DeStefano*, 70 P.3d 505, 507 (Colo. App. 2002), *aff'd*, 84 P.3d 496 (Colo. 2004).  But due process requires that school districts provide, at a minimum, "notice and an

opportunity to be heard in a meaningful manner." *Id.* (citing *Goss v. Lopez*, 419 U.S. 565, 579 (1975)).

¶ 14    A student who is expelled after an evidentiary hearing may appeal the decision to the school district's board of education. § 22-33-105(2.3)(d).  "The appeal must consist of a review of the facts presented and determined at the hearing . . . , arguments relating to the decision, and questions of clarification from the board of education." *Id.*  The board of education then has the discretion to grant or deny the appeal.  *See id.*

¶ 15    The District has also promulgated procedures for appeals to its Board.  Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R* at (B)(5). Those procedures include the following:

> The review shall not be de novo, but shall be limited to whether the superintendent's decision was arbitrary or capricious, a denial of statutory or constitutional right, power, privilege or immunity, in excess of statutory jurisdiction, authority purposes, or limitations, not in accord with the procedures or procedural limitations of District policy or procedure, or based upon findings of fact that are clearly erroneous on the whole record, unsupported by substantial evidence when the record is considered as a whole, or otherwise contrary to law.

*Id.* at (B)(5)(b). In addition, the Board "may, but need not, grant oral argument." *Id.* at (B)(5)(c).

¶ 16　　If a school district's board of education upholds the determination to expel a student, the student is entitled to judicial review of the decision under C.R.C.P. 106(a)(4). §§ 22-33-105(2.3)(d), -108(3); Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R* at (B)(5)(d). Under Rule 106(a)(4)(I), the district court reviews the board's decision to determine whether it exceeded its jurisdiction or abused its discretion, based on the evidence in the record before it.[2] *Nichols*, 70 P.3d at 507. "This Rule does not contemplate a new evidentiary hearing at the district court level, but rather contemplates that the district court will review the record of the proceedings conducted elsewhere" to make its determination. *Widder v. Durango Sch. Dist. No. 9-R*, 85 P.3d 518, 526 (Colo. 2004).

---

[2] In this context, "[a]buse of discretion means that the decision under review is not reasonably supported by any competent evidence in the record," meaning "that the ultimate decision of the administrative body is so devoid of evidentiary support that it can only be explained as an arbitrary and capricious exercise of authority." *Widder v. Durango Sch. Dist. No. 9-R*, 85 P.3d 518, 526-27 (Colo. 2004).

¶ 17　On appeal, we review a district court's decision in a Rule 106(a)(4) action de novo and assess whether the board of education exceeded its jurisdiction or abused its discretion. *Berges v. Cnty. Ct.,* 2016 COA 146, ¶ 6. We also review de novo whether a party's due process rights were violated during the proceedings. *Nichols,* 70 P.3d at 507.

¶ 18　Even if we conclude that the district court erred, however, we will not disturb a judgment on appeal unless the error affects the substantial rights of the parties. C.R.C.P. 61; *Bernache v. Brown,* 2020 COA 106, ¶ 26. An error affects a party's substantial rights if it "substantially influenced the outcome of the case or impaired the basic fairness of the trial itself." *Bernache,* ¶ 26 (quoting *Laura A. Newman, LLC v. Roberts,* 2016 CO 9, ¶ 24). The party asserting the error on appeal has the burden of showing that it was not harmless. *Curry v. Brewer,* 2025 COA 28, ¶ 54.

### B.　Exclusion of Email Records

¶ 19　Sellards contends that the district court erred by excluding the following emails from the certified record:

- the November 22 email from Sellards' counsel to the District's legal counsel objecting to the requirement that Sellards purchase a transcript to proceed with the appeal;

- the November 30 email from Sellards' mother to the Board requesting an update on the status of Sellards' appeal; and

- the December 6 email from the Board to Sellards' mother informing her that the Board would resolve Sellards' appeal at a meeting that evening.

¶ 20   Sellards argues that these emails prove that the Board failed to (1) respond to his counsel's questions concerning the financial precondition it imposed on his appeal and (2) provide adequate notice of when the appeal would be heard by the Board. According to Sellards, "the [court] was not free to disregard evidence of whether the [Board] provided [Sellards] with due process just because such evidence was not contained within the record created by and presented to the Board."

¶ 21   A C.R.C.P. 106(a)(4) action must be based on the evidence in the record before the governmental body that made the final decision subject to review. *Foothills Park & Recreation Dist. v. Bd. of Cnty. Comm'rs*, 2024 COA 62, ¶ 21. Rule 106(a)(4)(IV) provides that

"[a]ny party may move to correct the record at any time." We review a district court's decision on a motion to amend the record for an abuse of discretion. *Foothills Park & Recreation Dist.*, ¶ 22. "A court abuses its discretion if its ruling is manifestly arbitrary, unreasonable, or unfair, or is based on a misunderstanding or misapplication of law." *Id.*

¶ 22 When the petitioner raises a due process challenge, however, "the court must examine the totality of the procedures afforded and their effect on the fundamental fairness of the" expulsion proceeding. *Nichols*, 70 P.3d at 507. We acknowledge that the record before the hearing officer, which became the record before the Board, does not fully capture how the Board conducted the appeal proceedings. Because Sellards contends he was denied due process *during the appeal before the Board*, it would have been appropriate for the district court to have supplemented the record with the contested emails.

¶ 23 But Sellards never moved to supplement the record. Instead, he filed what he called a "certified record" that included the contested emails. When the District objected, the court ordered Sellards to file a record "duly certified as a true and complete record

11

of the record before" the Board. The "true and complete" certified record Sellards filed did not include the emails. As the court explained in its order denying Sellards' petition, Sellards "did not seek to amend the certified record with those exhibits. Rather, [he] simply referred to them in [his] briefing and noted that they were previously filed."

¶ 24 Under these circumstances, we conclude that the district court did not err by declining to sua sponte supplement the record with the contested emails. *See Foothills Park & Recreation Dist.*, ¶ 22. Even so, those emails are in the record before us (as part of the uncertified record Sellards first filed with the district court), and we have reviewed them.

### C. Alleged Due Process Violations

¶ 25 Sellards contends that the district court erred by concluding that the Board provided him procedural due process when it affirmed the superintendent's decision to expel him from the District for the remainder of the 2022-2023 school year. Specifically, Sellards argues that the Board denied him the opportunity to present additional evidence and argument to the Board by (1) creating a financial precondition to his appeal;

(2) failing to provide adequate notice of when the Board would hear his appeal; and (3) conducting his appeal "in abstentia."

¶ 26    Several of Sellards' arguments rest on a faulty premise — namely, that he was entitled to present additional *evidence* to the Board when it resolved his appeal. To be clear, Sellards' opportunity to present evidence was at the evidentiary hearing conducted by the hearing officer. *See* § 22-33-105(2.3); Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R* at (B)(4). Sellards does not contend that he was prevented from presenting evidence at that hearing or otherwise argue that he was denied due process at that stage of the proceedings.

¶ 27    In contrast, an appeal to the Board consists of a review of the facts presented and determined *at the hearing*, arguments relating to the decision, and questions of clarification, if any, from the Board. § 22-33-105(2.3)(d). The Board is not authorized to review the evidence de novo or to conduct an evidentiary hearing. *See id.*; Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R* at (B)(5)(b). We conclude that Sellards had a full and fair opportunity to present evidence at the evidentiary hearing before the hearing officer and

that he was not denied due process by the inability to present additional evidence on appeal to the Board.

¶ 28　In his notice of appeal, Sellards argued that the "video provided as evidence does not support the claim that [Sellards threatened the school or [teacher]" and that expulsion was too harsh a penalty. To the extent Sellards contends that he was denied the opportunity to present *additional argument* to the Board, we note that the Board's letter acknowledging receipt of his appeal advised him that he could file written arguments and authorities with the Board within fifteen days. *See* Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R* at (B)(5)(c). He did not do so. The letter also advised Sellards that he could request oral argument. *See id.* He did not do so. His assertion that he "had no notice that his appeal nor any argument or evidence was due before the Board . . . until mere hours before the hearing" is belied by the record. Having failed to take advantage of either procedural mechanism for presenting additional argument to the Board, Sellards' claim that he was denied any opportunity to be heard is unconvincing.

¶ 29　Still, Sellards contends that the Board placed a financial precondition on his ability to appeal by requiring him to pay for a

transcript of the expulsion hearing and that it misled him into believing that his appeal would not "commence" until the Board had received the transcript. Notably, Sellards' assertion that the Board "clarified that the appeal would only commence '[u]pon receipt of the record of appeal and accompanying written argument and authority[']" misconstrues the record. The sentence of the Board's November 16 letter that Sellards partially quotes reads in full as follows: "Upon receipt of the record of appeal and accompanying written argument and authority, *the [s]uperintendent will have ten days to file a response with the Board*." (Emphasis added.) The Board did not indicate that the appeal would not "commence" until Sellards paid for and provided a transcript.[3]

¶ 30     But even assuming the Board's communications about the transcript and its failure to advise Sellards of the date the Board would resolve his appeal denied Sellards due process, Sellards fails to explain (1) what additional arguments he would have presented

---

[3] We also note that the statute Sellards cites in support of his argument that the Board could not impose a "financial precondition" on his appeal does not apply to the Board appeal process. Rather, it prevents the district court from collecting "docket or other fees" for its C.R.C.P. 106(a)(4) review. § 22-33-108(2), C.R.S. 2024.

to the Board had he been provided the opportunity and (2) how those arguments would have satisfied the Board's standard of review.  Recall that section 22-33-105(2.3)(d) provides that "the decision to grant or deny the appeal is *at the discretion* of the board of education."  (Emphasis added.)  And the District's regulation limits the Board's review to determining whether the superintendent's expulsion decision was arbitrary and capricious, a denial of a statutory or constitutional right, rendered in excess of jurisdiction, violative of District policy or procedure, or based upon findings of fact that are clearly erroneous, unsupported by substantial evidence, "or otherwise contrary to law."  Mesa Cnty. Valley Sch. Dist. 51, *JKD/JKE-R* at (B)(5)(b).

¶ 31    For any alleged due process violation to warrant reversal, Sellards must demonstrate that he could have met these standards. *See* C.R.C.P. 61; *Curry*, ¶ 54 (the appellant has the burden of proving that the error was not harmless).  But the *only* argument Sellards makes concerning the harm caused by the Board's conduct is that, "[h]ad [he] been able to present argument and evidence, he would have challenged the underlying findings of the school hearing officer, as well as the propriety of expulsion as a punishment."

Sellards does not explain what findings he would have challenged or how those findings were clearly erroneous. And he does not explain why expelling him was an arbitrary and capricious decision or not within the discretion of the superintendent. Thus, Sellards failed to establish that the Board's conduct "substantially influenced the outcome of the case or impaired the basic fairness of the [disciplinary proceeding] itself." *Bernache,* ¶ 26 (quoting *Laura A. Newman, LLC,* ¶ 24).

## III. Disposition

¶ 32 We affirm the district court's denial of Sellards' petition to set aside his expulsion.

JUDGE DUNN and JUDGE SCHOCK concur.