**Wendy R. MATTHEWS,**
**Plaintiff–Appellee,**

v.

**The CITY AND COUNTY OF DENVER,**
**Defendant–Appellant.**

**No. 00CA0078.**

Colorado Court of Appeals,
Div. V.

Sept. 14, 2000.

Rehearing Denied Oct. 12, 2000.

Certiorari Denied March 19, 2001.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.2000.

Harry E. Coff, Jr., P.C., Harry E. Coff, Jr., Grand Junction, Colorado, for Plaintiff–Appellee.

J. Wallace Wortham, Jr., City Attorney, John Eckhardt, Assistant City Attorney, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, the City and County of Denver, appeals from an order denying its motion to dismiss the complaint for declaratory relief filed by plaintiff, Wendy R. Matthews. We affirm.

Plaintiff was injured in an automobile accident with a City-owned vehicle. The vehicle was operated by one of the City's employees during the course and scope of his employment. Plaintiff brought this declaratory judgment action to determine whether the notice of claim she filed with the City was timely under the Colorado Governmental Immunity Act (GIA), § 24–10–101, et seq., C.R.S.2000. The notice was filed with the City on the 181st day after discovery of the injury because the 180th day was a legal holiday.

The City moved to dismiss the complaint, asserting that the court lacked subject matter jurisdiction. The City argued that a notice of claim filed on the 181st day for any reason was untimely under § 24–10–109(1), C.R.S.2000, because that statute requires the notice to be filed within 180 days.

In response, plaintiff argued that, under §§ 2–4–108 and 24–11–110, C.R.S.2000, she was permitted to file the notice of claim on the 181st day because the City's offices were closed on the 180th day. The trial court agreed as do we.

Section 24–10–109(1) provides, in pertinent part, that:

Any person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment ... shall file a written notice as provided in this section within one hundred eighty days after the date of the discovery of the injury.... Compliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action.

This statutory provision has been characterized as a "non-claim" statute which divests courts of subject matter jurisdiction when a notice of claim is not filed within specified time limits. See Brock v. Nyland, 955 P.2d 1037 (Colo.1998). Ordinarily, a "non-claim" statute is not subject to other legislative provisions which provide that, in special circumstances, the time for filing actions limited by general statutes of limitations can be extended. See Public Service Co. v. Barnhill, 690 P.2d 1248 (Colo.1984). As a result, this court has refused to apply other statutes that would extend the period for filing a notice of claim because of a disability. See Hergenreter v. Morgan County School District R–3, 888 P.2d 346 (Colo. App.1994); McMahon v. Denver Water Board, 780 P.2d 28 (Colo.App.1989) (same).

Contrary to the City's contention, however, we find no support for the conclusion that the 180–day filing period may actually be shortened to 179 days if the final day falls on a legal holiday. Instead, the provisions of § 2–4–101, et seq., C.R.S.2000, set forth guidelines for construing statutes enacted by the General Assembly and support the opposite conclusion. As pertinent here, § 2–4–108 provides:

(1) In computing a period of days, the first day is excluded and the last day is included.

(2) If the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday....

See also C.R.C.P. 6(a)(setting forth a similar provision with regard to the computation of time under the Colorado Rules of Civil Procedure).

And, § 24–11–110 also provides, in relevant part, that:

If, on any day when the public office concerned is closed, or on a Saturday, any document is required to be filed with ... any public office of any political subdivision of the state ... then any such filing ... shall neither be abated nor defaulted, but

the same shall stand continued to the next succeeding full business day at such public office at the same time and place.

Consistent with these statutory provisions, in *Austin v. Weld County*, 702 P.2d 293 (Colo.App.1985), a division of this court held that, when the 180th day after the date of the plaintiff's injury was a Sunday, a notice of claim filed on the 181st day was timely. The court noted that under § 24–11–110 "any" filing termination date that falls on a day when the public office is closed shall be continued to the next succeeding full business day. Accordingly, because the word "any" generally means "all," the court determined that § 24–11–110 was controlling.

We recognize that *Austin v. Weld County, supra,* was decided prior to the General Assembly's amendment of the GIA in 1986 that made the 180–day period a jurisdictional prerequisite to suit. Nevertheless, contrary to the City's argument, we do not view the language of that amendment as indicating any intent on the part of the General Assembly to shorten the 180–day period and thus create a trap for the unwary when the 180th day falls on a legal holiday. *See Regional Transportation District v. Lopez*, 916 P.2d 1187, 1192 (Colo.1996)(court held that "Forever barring a claimant from pursuing a claim against a governmental or public entity because the claim was prematurely filed, qualifies as an absurd result and one that we should avoid.").

Further, we do not view §§ 2–4–108 or 24–11–110 as resulting in a tolling, waiver, or extension of the 180–day requirement. Rather, these statutes merely allow the 180–day period to be given effect and, as noted by the trial court, provide a uniform method for determining when a statutory period begins and ends.

Therefore, the trial court did not err in determining that plaintiff's notice of claim was timely.

The judgment is affirmed.

Judge CASEBOLT and Judge VOGT concur.