Oloyea D. WALLIN, Plaintiff–Appellant,

v.

A. COSNER;  W. Parker;  P. Abert;  John Doe, the Administrative Head;  and Colorado Department of Corrections, Defendants–Appellees.

No. 08CA0913.

Colorado Court of Appeals,
Div. IV.

Feb. 5, 2009.

Oloyea D. Wallin, Pro Se.

No Appearance for Defendants–Appellees.

Opinion by Judge ROY.

In this C.R.C.P. 106(a)(4) action, plaintiff, Oloyea D. Wallin, appeals the trial court's order dismissing his complaint for lack of subject matter jurisdiction.  We remand for further proceedings consistent with this opinion.

## I.  Facts

Plaintiff is an inmate in the custody of the Colorado Department of Corrections (DOC). Following a disciplinary hearing, plaintiff was found guilty of (1) threats, a Class II, Rule 13 violation of the DOC Code of Penal Discipline (COPD), for placing another person in fear of bodily injury when he violently slammed his paperwork down on a trashcan while taking a step toward a DOC staff member;  and (2) creating a facility disruption, a Class II, Rule 16 violation of the COPD. The hearing officer imposed two concurrent pen-

alties of fifteen days of punitive segregation. On February 14, 2008, the hearing officer's decision was affirmed on administrative appeal. Therefore, the final day for commencing a C.R.C.P. 106(a)(4) proceeding in the trial court was March 17, 2008. *See* C.R.C.P. 106(b) (complaint must be filed "not later than thirty days after the final decision of the body or officer").

The trial court record indicates that the complaint was filed March 19, 2008, and that the trial court received an envelope containing the complaint postage date stamped by the DOC on March 17, 2008. There is also a stamp or label on the envelope identifying it as being from the DOC and including the name of the inmate, the inmate's register number, a box number, and the city, state, and zip code of the facility.

On March 28, 2008, the trial court dismissed plaintiff's complaint as untimely pursuant to C.R.C.P. 106(b), concluding that plaintiff failed to file his complaint within thirty days and "that the complaint must be received by the [c]ourt, not simply mailed, within the [thirty] days provided for in the rule." The court also commented that *"[t]here is no indication here that ... plaintiff used the inmate mailing system designed for legal mail so as [to] entitle him to the benefits of C.R.C.P. 5(f)."* (Emphasis added.)

## II. Contention on Appeal

On appeal, plaintiff contends that his complaint was timely filed pursuant to C.R.C.P. 5(f) because he delivered it to the correctional facility's "legal mail booth" prior to the expiration of the thirty-day period.

■ We review de novo the trial court's legal conclusions in dismissing a complaint for lack of subject matter jurisdiction. *See Ashton Props., Ltd. v. Overton,* 107 P.3d 1014, 1017 (Colo.App.2004).

■ A complaint seeking review of a disciplinary action under C.R.C.P. 106(a)(4) "shall be filed in the [trial] court not later than thirty days after the final decision of the body or officer." C.R.C.P. 106(b); *see also Talley v. Diesslin,* 908 P.2d 1173, 1174 (Colo. App.1995). An agency's action is final "when the action complained of is complete," leaving "nothing further for the agency to decide." *Cadnetix Corp. v. City of Boulder,* 807 P.2d 1253, 1254 (Colo.App.1991); *see also Baker v. City of Dacono,* 928 P.2d 826, 827 (Colo.App. 1996).

■ "The [thirty]-day requirement contained in C.R.C.P. 106(b) is jurisdictional and cannot be tolled or waived." *Fraser v. Colo. Bd. of Parole,* 931 P.2d 560, 562 (Colo.App. 1996); *see also Slaughter v. County Court,* 712 P.2d 1105, 1106 (Colo.App.1985). Thus, if a complaint is filed more than thirty days after the date the agency takes final action, the complaint must be dismissed for lack of subject matter jurisdiction. *See Danielson v. Zoning Bd. of Adjustment,* 807 P.2d 541, 543 (Colo.1990); *Baker,* 928 P.2d at 827; *Crawford v. State,* 895 P.2d 1156, 1158 (Colo.App. 1995).

In general, filing with the court requires receipt by the clerk of court. C.R.C.P. 5(e). However, C.R.C.P. 5(f) modifies the general rule for prison inmates. The rule states:

> Inmate Filing and Service. Except where personal service is required, a pleading or paper filed or served by an inmate confined to an institution is timely filed or served if deposited in the institution's internal mailing system on or before the last day for filing or serving. *If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule.*

C.R.C.P. 5(f) (emphasis added); *see also* Crim. P. 45(f); C.A.R. 4(e).

C.R.C.P. 5(f) was adopted subsequent to *Fraser* and *Talley* and supersedes them to the extent that they held that a complaint filed by an inmate through the prison mail system is filed when it is received by the trial court. *See Fraser,* 931 P.2d at 562; *Talley,* 908 P.2d at 1175. The DOC, in apparent response to the procedural rules, has adopted an administrative rule with respect to the handling of restricted access (legal) mail. *See* DOC Admin. Reg. 300–38, § III(D); AR Form 300–38C, *available at* https://ex doc.state.co.us/se cure/comboweb/weblets/in-dex.php/regulations/home (click on "Facility Security," then click on "Offender Mail," then

click on "View the AR") (last visited Jan. 30, 2009).

DOC Admin. Reg. 300–38 § IV(B)(9)(d)(2) provides, "Outgoing restricted inspection mail shall be stamped on the back of the envelope with the court filing stamp. The requested information shall be compiled by the DOC employee who completes the mail log." AR Form 300–38(c) is an attachment to the regulation, as is the form of the "COURT FILING STAMP," which requires the identity of the facility; the date received; the DOC employee's last name, identification number, and initials; and the offender's DOC number, last name, and initials.

The trial court record does not include this stamp, and the stamp or label attached to the envelope does not satisfy the requirements of the regulation in several respects—most importantly it does not state the date the envelope was delivered to the DOC.

Plaintiff's disciplinary action was final on February 14, 2008. Accordingly, plaintiff had until March 17, 2008 to file his C.R.C.P. 106(a)(4) complaint with the trial court. While the court did not receive plaintiff's complaint until March 19, 2008, its record indicates that postage was affixed March 17, 2008 by the DOC. From that, it can be inferred that the envelope was delivered to the DOC on or before that date.

Because the trial court record establishes that the DOC had possession of and mailed the envelope on March 17, 2008, the filing of the complaint was timely based on the first sentence of C.R.C.P. 5(f). However, under the plain meaning of the second sentence of C.R.C.P. 5(f), if the facility at which plaintiff was incarcerated had a "legal mail system," then, presumably, the general rule pertains, and the complaint is not filed until received by the clerk of the court.

The apparent purpose for establishing a legal mail system, coupled with the second sentence in C.R.C.P. 5(f), is to foreclose disputes about when the envelope was placed in the facility's inmate mail system. However, when, as here, it is clear from the trial court record that the envelope was delivered to the inmate mail system on or before the last date for filing the complaint with the trial court, there is no apparent policy reason why the inmate should lose the benefit of the first sentence of C.R.C.P. 5(f), as the rule now clearly requires.

Here, the trial court acted sua sponte, dismissing the complaint as untimely prior to service on defendants. Therefore, no defendant appeared challenging the jurisdiction of the court, and, consequently, plaintiff was not accorded an opportunity to address the jurisdictional issue.

Further, plaintiff attached to his brief on appeal a photocopy of a "CTCF RESTRICTED INSPECTION MAIL LOG." The log indicates that plaintiff deposited four envelopes with the prison mail system on March 14, 2008, three addressed to the trial court and one to this court and that all four envelopes were mailed to the respective courts on March 17, 2008. The log further sets forth all of the information required on the stamp.

Under the circumstances, the matter must be remanded to the trial court for further proceedings to determine whether the facility at which plaintiff was incarcerated had a legal mail system, and, if so, whether or when the envelope containing the complaint was deposited with that system. If there was no such legal mail system, or the envelope was deposited with the legal mail system on or before March 17, 2008, the complaint must be reinstated; otherwise, the order dismissing the complaint is affirmed.

The case is remanded for further proceedings consistent with this opinion.

Judge WEBB and Judge HAWTHORNE concur.