2016 COA 32

Keith Clayton BROOKS, Jr.,
Plaintiff–Appellant,

v.

Rick RAEMISCH, Executive Director, Colorado Department of Corrections; and Angela Medina, Warden, Limon Correctional Facility, Defendants–Appellees.

Court of Appeals No. 14CA1424

Colorado Court of Appeals,
Div. VII.

Announced March 10, 2016

Rehearing Denied April 21, 2016

Keith Clayton Brooks, Jr., Pro Se.

Cynthia H. Coffman, Attorney General, James X. Quinn, First Assistant Attorney General, Denver, Colorado, for Defendants–Appellees.

Opinion by JUDGE BERGER

¶ 1 Plaintiff, Keith Clayton Brooks, Jr., an inmate in the custody of the Colorado Department of Corrections (DOC), appeals the district court judgment affirming two decisions by prison officials limiting the number of future grievances Brooks could file. On May 3, 2011, and again on September 7, 2011, officials temporarily limited Brooks's grievance filing based on determinations that he had recently filed multiple frivolous grievances.

¶ 2 Addressing an issue of first impression, we first conclude that prison officials engage in "quasi-judicial" action when they decide under their regulations to limit an inmate's ability to file future grievances. Accordingly, those decisions are subject to review under C.R.C.P. 106(a)(4).

¶ 3 We further conclude that, concerning the September 7, 2011, restriction, officials did not abuse their discretion or exceed their jurisdiction in limiting the number of grievances Brooks could file. Consequently, we affirm the portion of the district court's judgment affirming the September 7, 2011, restriction decision. However, we vacate the portion of the judgment purporting to uphold the May 3, 2011, restriction decision because we conclude that the district court lacked jurisdiction to consider that decision.

## I. Background

¶ 4 On December 9, 2010, prison officials issued Brooks a warning letter indicating that he had filed nine frivolous grievances in the previous two months and that his grievance filing privileges could be suspended. On May 3, 2011, officials notified Brooks that he had filed eleven more frivolous grievances in the 142 days since the warning letter and that for the next sixty days he would be allowed to file only one grievance per calendar month.

¶ 5 In July 2011, Brooks again began filing multiple grievances. On September 7, 2011, officials issued Brooks another warning letter stating that he had filed eight frivolous grievances in the previous two months and six additional grievances that day. That same day, they notified Brooks that since May 3, 2011, he had filed fourteen frivolous grievances, and that for the next 180 days he would be allowed to file no more than one grievance per month.

¶ 6 Three weeks later, Brooks commenced this action in the district court against defendants—the DOC's executive director and the warden of the facility in which he was housed. Brooks alleged that defendants had exceeded their jurisdiction in imposing the May 3, 2011, restriction and had abused their discretion in imposing the September 7, 2011, restriction.

¶ 7 Defendants moved to dismiss the action, arguing, in pertinent part, that the district court lacked subject matter jurisdiction because the decisions to restrict Brooks's grievance filing were not quasi-judicial and, therefore, not subject to review under C.R.C.P. 106(a)(4). The district court ultimately denied defendants' motion. It determined that based on the nature of the decisions and "the structure and process of the DOC's grievance policy," the decisions were quasi-judicial and subject to C.R.C.P. 106(a)(4) review.

¶ 8 Defendants then submitted an answer to the complaint and filed a certified administrative record with the district court. Following briefing by the parties, the district court upheld both the May 3, 2011, and September 7, 2011, grievance restrictions.

## II. Discussion

### A. Quasi–Judicial Action

¶ 9 In their answer brief, defendants contend that the district court erred in deny-

ing their motion to dismiss for lack of subject matter jurisdiction. They contend that decisions to limit inmate grievances are not quasi-judicial and, therefore, are not subject to review under C.R.C.P. 106(a)(4). We disagree.

¶ 10 Defendants did not file a cross-appeal challenging the district court's denial of their motion to dismiss. However, because defendants' contention involves the district court's subject matter jurisdiction—an issue parties may raise at any time—we will address it. *See Fonden v. U.S. Home Corp.*, 85 P.3d 600, 601 (Colo.App.2003).

¶ 11 There is no "litmus test" for whether a particular action is quasi-judicial. *Prairie Dog Advocates v. City of Lakewood*, 20 P.3d 1203, 1207 (Colo.App.2000). However, in deciding whether a governmental action is quasi-judicial, the "central focus ... should be on the nature of the governmental decision and the process by which that decision is reached." *Cherry Hills Resort Dev. Co. v. City of Cherry Hills Vill.*, 757 P.2d 622, 627 (Colo.1988); *see Widder v. Durango Sch. Dist. No. 9–R*, 85 P.3d 518, 527 (Colo.2004).

¶ 12 If the decision "is likely to adversely affect the protected interests of specific individuals, and ... is to be reached through the application of pre-existing legal standards or policy considerations to present or past facts presented to the governmental body, that body is acting in a quasi-judicial capacity in making its determination." *Lake Durango Water Co. v. Pub. Utils. Comm'n*, 67 P.3d 12, 18 (Colo. 2003); *see Hellas Constr., Inc. v. Rio Blanco Cty.*, 192 P.3d 501, 504 (Colo.App. 2008). "In contrast, a ministerial act is devoid of any meaningful official discretion." *Hellas Constr.*, 192 P.3d at 504.

¶ 13 Although the existence of a statute or ordinance requiring notice and a hearing is a signal that a governmental decision is quasi-judicial, it is not essential. *See Widder*, 85 P.3d at 527; *Cherry Hills*, 757 P.2d at 627.

¶ 14 We review de novo the district court's decision whether a plaintiff was seeking review of a quasi-judicial decision or action. *Garcia v. Harms*, 2014 COA 154, ¶ 11, —— P.3d ——; *see Jones v. Colo. Dep't of Corr.*, 53 P.3d 1187, 1191 (Colo.App.2002).

¶ 15 The applicable DOC regulation addressing inmate grievances contains a provision titled "Frivolous Grievances." Dep't of Corr. Reg. No. 850–04(IV)(J)(1) (2011). Under that provision, officials may serve a warning letter on an inmate who has filed multiple frivolous grievances within a short time period. *Id.* The regulation further provides that if the inmate continues to file multiple frivolous grievances, officials may serve him with a "Notice of Grievance Restriction" limiting him to no more than one grievance per calendar month for a specified period. *Id.* A first restriction lasts sixty days; a second, 180 days; a third, one year; and a fourth lasts indefinitely. *Id.*

¶ 16 For several reasons, we agree with the district court's conclusion that prison officials take quasi-judicial action when they decide to restrict an inmate's ability to file future grievances.

¶ 17 First, inmates have a protected interest in being able to file grievances. Regulation 850–04 states that the DOC's policy is to "maintain a written grievance procedure that is made available to all offenders" that provides them with "an impartial and timely review and resolution of complaints, which contributes to safe, secure, and efficient correctional operations." Dep't of Corr. Reg. No. 850–04(I). Under the regulation, offenders "shall be entitled" to invoke the grievance procedure for "a broad range of complaints." Dep't of Corr. Reg. No. 850–04(IV)(B)(3). The regulation also strictly prohibits reprisal for an inmate's good faith use of, or participation in, the grievance procedure. *See* Dep't of Corr. Reg. No. 850–04(IV)(B)(4).

¶ 18 Second, the decision by officials to restrict an inmate's ability to file grievances adversely affects only that specific inmate's protected interest, not the interests of all inmates.

¶ 19 Third, in making a grievance restriction decision, officials must apply a pre-existing legal standard (frivolousness) or policy consideration (desire to reduce frivolous grievances) to present or past facts (the subject matter, factual allegations, and merit of recent grievances filed by a particular inmate).

¶ 20 Fourth, that decision process necessarily involves some meaningful level of discretion so as to contrast it from a largely nondiscretionary ministerial decision.

¶ 21 Defendants contend that the decision is not quasi-judicial because Regulation 850-04 does not provide for a hearing. However, they rely on decisions that predate *Cherry Hills,* and later cases reject the notion that an agency's action cannot be characterized as quasi-judicial absent a hearing. *See Cherry Hills,* 757 P.2d at 627; *see also Farmers Water Dev. Co. v. Colo. Water Conservation Bd.,* 2015 CO 21, ¶ 17, 346 P.3d 52; *Widder,* 85 P.3d at 527.

¶ 22 Defendants also argue that the decision cannot be quasi-judicial because prison grievance procedures do not give rise to a constitutionally protected liberty interest. But "[t]here is no requirement that a C.R.C.P. 106(a)(4) action must be based on alleged constitutional violations." *Baldauf v. Roberts,* 37 P.3d 483, 485 (Colo.App.2001); *see Tebbetts v. Whitson,* 956 P.2d 639, 640–41 (Colo. App. 1997). "[E]ven absent any due process rights in the administrative proceedings, an inmate may obtain judicial review of the quasi-judicial actions of the DOC pursuant to C.R.C.P. 106(a)(4)." *Baldauf,* 37 P.3d at 485.

¶ 23 Based on the nature of the decision and the process by which it is reached, we conclude that prison officials engage in quasi-judicial action subject to review under C.R.C.P. 106(a)(4) when they decide to restrict an inmate's future grievance filing.

¶ 24 We emphasize that our conclusion is limited solely to decisions by prison officials to restrict inmate grievances under Regulation 850–04. It should not be construed to encompass any other decisions by prison officials, including, specifically, more common day-to-day decisions concerning inmate privileges such as access to television, radios, entertainment systems, or canteen items.

### B. The May 3, 2011, Grievance Restriction

¶ 25 Although we conclude that decisions to restrict inmate grievances are quasi-judicial and subject to review under C.R.C.P. 106(a)(4), we further conclude that the district court lacked jurisdiction to consider the May 3, 2011, grievance restriction.

¶ 26 Under C.R.C.P. 106(b), as it existed before 2012 amendments, a party seeking judicial review under C.R.C.P. 106(a)(4) needed to file a complaint in the district court no more than thirty days after the final agency decision being challenged. C.R.C.P. 106(b)'s time period "is jurisdictional and cannot be tolled or waived." *Wallin v. Cosner,* 210 P.3d 479, 480 (Colo.App.2009). A complaint filed after the applicable time period must be dismissed for lack of jurisdiction. *See id.; see also Danielson v. Zoning Bd. of Adjustment,* 807 P.2d 541, 543 (Colo. 1990).

¶ 27 An agency's action becomes final when it is complete and there is nothing further for the agency to decide. *See Wallin,* 210 P.3d at 480; *Cadnetix Corp. v. City of Boulder,* 807 P.2d 1253, 1254 (Colo.App. 1991). The period specified in C.R.C.P. 106(b) begins to run on the date of the final administrative decision. *See Baker v. City of Dacono,* 928 P.2d 826, 827–28 (Colo. App. 1996).

¶ 28 We conclude that, for purposes of triggering C.R.C.P. 106(b)'s former thirty-day time period, the May 3, 2011, grievance restriction decision constituted final agency action on that date. Prison officials had determined that Brooks had filed multiple frivolous grievances and had imposed a sixty-day restriction. At that point there was nothing further for them to decide. Although they later decided to impose the September 7, 2011, restriction, that decision was based on Brooks having engaged in subsequent conduct and was independently reviewable.

¶ 29 Under the former version of C.R.C.P. 106(b), to obtain review of the May 3, 2011, restriction, Brooks needed to file his complaint no later than June 2, 2011. Because he filed the complaint on September 28, 2011, well beyond the applicable deadline, the district court lacked jurisdiction to consider the validity of the May 3, 2011, restriction. Consequently, we vacate the portion of the district court's judgment addressing that grievance restriction. *See Wallin,* 210 P.3d at 480.

### C. The September 7, 2011, Grievance Restriction

¶ 30 Brooks's complaint was timely insofar as it sought review of the September 7, 2011, grievance restriction. We next address the propriety of that restriction.

¶ 31 Court review of an agency's quasi-judicial decision is "limited to a determination of whether the body or officer has exceeded its jurisdiction or abused its discretion, based on the evidence in the record before the defendant body or officer." C.R.C.P. 106(a)(4)(I); *see Giuliani v. Jefferson Cty. Bd. of Cty. Comm'rs*, 2012 COA 190, ¶ 38, 303 P.3d 131.

¶ 32 Prison officials abuse their discretion if they misinterpret or misapply governing law. *Phillips v. Exec. Dir., Colo. Dep't of Corr.*, 251 P.3d 1176, 1177 (Colo.App. 2010). Absent such a misinterpretation or misapplication of law, a reviewing court must uphold a decision by prison officials if it is supported by some evidence in the record. *Id.*; *Gallegos v. Garcia*, 155 P.3d 405, 406 (Colo.App.2006); *see Buenabenta v. Neet*, 160 P.3d 290, 296 (Colo.App.2007) (applying a "some support in the record" standard).

¶ 33 We sit in the same position as the district court when reviewing an agency decision under C.R.C.P. 106(a)(4). *Roalstad v. City of Lafayette*, 2015 COA 146, ¶ 13, 363 P.3d 790; *see Hellas Constr.*, 192 P.3d at 507.

¶ 34 Officials imposed the September 7, 2011, grievance restriction on the stated grounds that Brooks had filed fourteen frivolous grievances within a two-month period. Regulation 850–04 does not define "frivolous." However, that term commonly means "of little weight or importance" or "having no basis in law or fact." *Webster's Third New International Dictionary* 913 (2002); *see W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo.1984) (concluding that for purposes of awarding attorney fees, a claim is frivolous "if the proponent can present no rational argument based on the evidence or law in support of that claim").

¶ 35 Contrary to Brooks's contention, the record contains some support for the determination that he filed multiple frivolous grievances after the May 3, 2011, restriction had expired. For example, Brooks filed grievances

- concerning the alleged denial of shower access on a particular date, which officials denied because Brooks "chose to go to recreation instead of utilizing the time" allocated to his pod for showering;
- concerning the same shower access issue, which officials denied because Brooks had received a response to this issue in the previous grievance;
- regarding his security threat group status, which officials denied because that issue had been raised and addressed in previous grievances and the current grievance was based solely on Brooks's personal perceptions and requested no remedy or relief;
- concerning the absence of any DOC program to repair his television, which officials denied because there was no basis for such a program or for the DOC to otherwise be required to repair his television.

¶ 36 In his opening brief, Brooks discusses certain other grievances he filed and he argues that they were not frivolous. However, these grievances were filed earlier and provided the basis for the May 3, 2011, restriction. As previously indicated, that earlier restriction decision is not properly before us in this appeal. *See supra* Part II.B.

¶ 37 Because there is some record support for prison officials' determination that Brooks filed multiple frivolous grievances just prior to the September 7, 2011, grievance restriction, we conclude that they did not abuse their discretion in imposing that restriction.

¶ 38 Insofar as Brooks argues that officials failed to follow Regulation 850–04 and thereby abused their discretion because they issued him a warning letter and imposed the September 7, 2011, restriction on the same date, we disagree. Concerning a first-level (sixty-day) grievance restriction, the regulation contemplates issuance of a warning letter and imposition of any restriction thirty days from the date of the letter. *See* Dep't of Corr. Reg. No. 850–04(IV)(J)(1).

However, another portion of the regulation expressly states that if an inmate "continues to file multiple and/or frivolous grievances following the completion of any restriction period . . . the next level of restriction can be immediately imposed." Dep't of Corr. Reg. No. 850–04(IV)(J)(1)(e).

¶ 39 Brooks received a warning letter more than thirty days before officials imposed the first-level (sixty-day) restriction on May 3, 2011. And because Brooks continued to file multiple frivolous grievances after completion of that sixty-day restriction period, officials were authorized to immediately impose the September 7, 2011, restriction without issuing a second warning letter or waiting an additional thirty days. *See id.*

### D. Alleged Due Process Violation

¶ 40 Finally, Brooks also contends that defendants violated his due process rights in imposing the September 7, 2011, grievance restriction. We disagree.

¶ 41 "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *M.S. v. People*, 2013 CO 35, ¶ 10, 303 P.3d 102 (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 569, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

¶ 42 In some circumstances, state law may give rise to a liberty interest that implicates the procedural protections of the Due Process Clause. *Id.* at ¶ 12 (citing *Vitek v. Jones*, 445 U.S. 480, 488, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980)). Moreover, when the state promulgates a regulation that imposes on the government more stringent standards than are constitutionally required, due process of law may require the government to adhere to those standards. *Dep't of Health v. Donahue*, 690 P.2d 243, 249 (Colo.1984).

¶ 43 We reject any due process challenge by Brooks for two reasons. First, a division of this court has held that "[p]rison grievances do not give rise to a protected liberty interest requiring procedural due process protections." *Green v. Nadeau*, 70 P.3d 574, 576 (Colo.App.2003). Second, even if the DOC regulation imposed upon DOC any obli-

gation that implicates the Due Process Clause under *Donahue*, we have already concluded that defendants sufficiently complied with the regulation.

### III. Conclusion

¶ 44 The portion of the judgment upholding the May 3, 2011, grievance restriction is vacated. The portion of the judgment upholding the September 7, 2011, grievance restriction is affirmed.

JUDGE RICHMAN and JUDGE DUNN concur.