24CA1317 Jimenez v CDOC 07-24-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1317
Chaffee County District Court No. 24CV2
Honorable Patrick W. Murphy, Judge

Federico Jimenez,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections and Warden of
Buena Vista Correctional Facility,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE TAUBMAN*
Welling and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 24, 2025

Federico Jimenez, Pro Se

No Appearance for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1 Plaintiff, Federico Jimenez, appeals the district court's dismissal of his complaint for review of a prison disciplinary conviction as untimely. We affirm.

## I. Background

¶ 2 We draw the following factual background from the record, which includes briefing only from Jimenez.

¶ 3 The Colorado Department of Corrections (CDOC) convicted Jimenez in a prison disciplinary hearing of possession of a media device. Jimenez administratively appealed. On February 1, 2024, the administrative head of the correctional facility upheld Jimenez's conviction.

¶ 4 On April 4, 2024, Jimenez filed a C.R.C.P. 106.5 complaint in the district court for review of his disciplinary conviction. According to the district court, the case came before it on Jimenez's motion to proceed without payment of filing fees, which the court denied. The court also found that Jimenez did not file his complaint within twenty-eight days of the date of the final agency action and accordingly dismissed the complaint for lack of subject matter jurisdiction. Jimenez appeals.

## II. Standard of Review and Applicable Law

¶ 5 We review de novo the trial court's legal conclusions in dismissing a complaint for lack of subject matter jurisdiction. *Wallin v. Cosner*, 210 P.3d 479, 480 (Colo. App. 2009).

¶ 6 C.R.C.P. 106.5 authorizes an inmate to seek judicial review of a quasi-judicial decision of any CDOC facility. Actions brought under this rule must be filed no later than twenty-eight days after the hearing officer's final decision. C.R.C.P. 106(b); C.R.C.P. 106.5(a) (incorporating by reference the procedural provisions of C.R.C.P. 106(b)). The twenty-eight-day deadline is based on when a final decision is rendered — not when the plaintiff received it. *Crawford v. State*, 895 P.2d 1156, 1158 (Colo. App. 1995). The deadline is "a strict jurisdictional limitation" and cannot be tolled or extended. *Brown v. Walker Com., Inc.*, 2022 CO 57, ¶ 46; *Wallin*, 210 P.3d at 480. Thus, a complaint filed after the deadline must be dismissed for lack of subject matter jurisdiction. *Wallin*, 210 P.3d at 480.

## III. Analysis

¶ 7 We reject Jimenez's contention that the twenty-eight-day deadline under C.R.C.P. 106(b) is unconstitutional as applied to

him. According to Jimenez, CDOC officials did not provide him with the decision in his administrative appeal until after the twenty-eight-day deadline had expired, denying him his constitutional right of access to the courts. This argument, however, is unpreserved because Jimenez raises it for the first time on appeal. *See Colo. Div. of Ins. v. Statewide Bonding, Inc.*, 2022 COA 67, ¶ 73 ("Arguments never presented to, considered by, or ruled upon by a trial court may not be raised for the first time on appeal."). Moreover, the record is devoid of support for his assertions about this sequence of events.

¶ 8 In any event, the district court was required to dismiss the action for lack of jurisdiction because Jimenez filed his complaint after the twenty-eight-day period had expired. The final agency action in this case occurred on February 1, 2024, when the administrative head of the correctional facility upheld Jimenez's conviction. Jimenez was therefore required to file his complaint by February 29, 2024. Instead, he filed his complaint on April 4, 2024. The deadline for filing a C.R.C.P. 106(b) request for judicial review "is jurisdictional and cannot be tolled or waived," regardless of the reason. *Brooks v. Raemisch*, 2016 COA 32, ¶ 26 (quoting

*Wallin*, 210 P.3d at 480); *see also Brown*, ¶ 46 (explaining that C.R.C.P. 106(b)'s deadline "is a strict jurisdictional limitation on Rule 106(a)(4) actions, and so it is not subject to equitable tolling, let alone broader equitable considerations like excusable neglect"); *Adams v. Sagee*, 2017 COA 133, ¶ 8 ("Nothing in [C.R.C.P. 106(b)] countenances any exceptions" to the filing deadline.). Jimenez's complaint was therefore untimely, and the district court was required to dismiss the complaint for lack of subject matter jurisdiction when it denied Jimenez's motion to proceed without payment of filing fees.

## IV. Disposition

¶ 9 We affirm the district court's judgment.

JUDGE WELLING and JUDGE BERGER concur.

4