The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
April 30, 2026

## 2026COA33

**No. 24CA1860, *Rigato v. Exec. Dir. of Colo. Dep't of Corr.* — Civil Procedure — Time — Computation — Correctional Facility Quasi-Judicial Hearing Review — Limitations as to Time**

A division of the court of appeals considers for the first time whether C.R.C.P. 6(a)(1), which provides that, if the last day of a deadline found in the Colorado Rules of Civil Procedure "is a Saturday, a Sunday, or a legal holiday," the deadline is calculated as "the end of the next day which is not a Saturday, a Sunday, or a legal holiday," applies to actions subject to C.R.C.P. 106(b)'s twenty-eight-day deadline.

The division concludes that C.R.C.P. 6(a)(1)'s computation rule determines the actual deadline under C.R.C.P. 106(b) when the twenty-eighth calendar day falls on a Saturday, Sunday, or legal holiday.  The division distinguishes *Brown v. Walker Commercial, Inc.*, 2022 CO 57, 521 P.3d 1014, in which the Colorado Supreme

Court held that C.R.C.P. 6(b) — which authorizes courts to grant motions for extension of time in civil cases under certain circumstances — cannot extend C.R.C.P. 106(b)'s filing deadline. The division explains that *Brown* does not apply to this case because C.R.C.P. 6(a)(1), unlike C.R.C.P. 6(b), governs the computation of deadlines and is not an extension of time rule.

For these reasons, the division reverses the district court's order dismissing for lack of jurisdiction the plaintiff's case challenging his prison disciplinary convictions.

COLORADO COURT OF APPEALS **2026COA33**

Court of Appeals No. 24CA1860
Fremont County District Court No. 24CV18
Honorable Patrick W. Murphy, Judge

Nicholas A. Rigato,

Plaintiff-Appellant,

v.

Executive Director of the Colorado Department of Corrections and Warden of
Fremont Correctional Facility,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division V
Opinion by JUDGE LIPINSKY
Tow and Bernard*, JJ., concur

Announced April 30, 2026

Nicholas A. Rigato, Pro Se

Philip J. Weiser, Attorney General, Kristin K. Lindemann, Assistant Attorney
General II, Denver, Colorado, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Plaintiffs in civil cases are granted only a limited amount of time in which to file their claims.  As the Colorado Supreme Court explained, "As part of our adversarial legal system, we include limitation periods 'to promote justice, discourage unnecessary delay, and forestall prosecution of stale claims.'" *Brown v. Walker Com., Inc.*, 2022 CO 57, ¶ 34, 521 P.3d 1014, 1021 (quoting *Dean Witter Reynolds, Inc. v. Hartman*, 911 P.2d 1094, 1096 (Colo. 1996)).  But determining whether a case was filed by the applicable deadline can be challenging, as this case demonstrates.

¶ 2     Appeals of prison disciplinary convictions, which are governed by C.R.C.P. 106.5, must be filed in district court "not later than [twenty-eight] days after the final decision of the body or officer."  C.R.C.P. 106(b).

¶ 3     Nicholas A. Rigato, an inmate in the custody of the Colorado Department of Corrections (DOC), filed a case in district court to appeal the April 29, 2024, decision of his prison's administrative head upholding Rigato's three disciplinary convictions.  Twenty-eight calendar days after April 29 was Monday, May 27 — the 2024 Memorial Day holiday.  Rigato filed his appeal on Tuesday, May 28 — the next business day following the holiday.  The district

court dismissed Rigato's appeal for lack of jurisdiction because Rigato filed it more than twenty-eight calendar days after the date of the administrative head's decision.

¶ 4    We decide, for the first time in a published opinion, that C.R.C.P. 6(a)(1)'s calculation rule — if the last day of a deadline found in a rule of civil procedure "is a Saturday, a Sunday, or a legal holiday, . . . the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday" — applies to actions subject to C.R.C.P. 106(b)'s twenty-eight-day deadline. Accordingly, the deadline for Rigato to file an appeal in district court was Tuesday, May 28, 2024; Rigato's appeal was timely; the district court had jurisdiction over the appeal; and the court erred by dismissing the case.

¶ 5    Thus, we reverse the district court's dismissal of Rigato's case and remand this matter to the district court for further proceedings.

## I.    Background

¶ 6    While Rigato was incarcerated at the Four Mile Correctional Center (the facility), DOC officials charged him with three violations of the Code of Penal Discipline. Rigato was found guilty of all three charges following a disciplinary hearing. Rigato appealed his

disciplinary convictions to the facility's administrative head, who upheld Rigato's convictions on Monday, April 29, 2024.

¶ 7 On May 28, Rigato filed in the district court a "[C.R.C.P.] 106.5 Complaint for Review of Quasi-Judicial Action of the [DOC]," together with a motion "requesting to file without prepayment of filing fee/service fee." Rigato named the DOC's executive director and other parties as defendants. (We refer to the defendants collectively as the "DOC.")

¶ 8 Three days later, the district court rejected Rigato's filings because Rigato had not paid the required filing fee and returned the documents to him.

¶ 9 Rigato refiled his papers in the district court, together with a new motion requesting to file without prepayment of filing and service fees, on June 10. One week later, a magistrate granted Rigato's new fee motion and the court accepted Rigato's papers, including his refiled complaint.

¶ 10 The DOC filed a motion to dismiss Rigato's case for lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) and C.R.C.P. 106(b). In the motion, the DOC argued that the district court lacked jurisdiction over the case because Rigato did not file his

complaint within twenty-eight calendar days of the administrative head's decision.

¶ 11 The district court granted the motion to dismiss, concluding that "[t]imely filing in [Rigato's] action expired twenty-eight days after the [administrative head's] decision was made." Under the court's reasoning, Monday, May 27, was the deadline for Rigato's case and he filed his complaint after that date. For this reason, the district court dismissed the case for lack of subject matter jurisdiction.

¶ 12 On appeal, Rigato contends that he timely filed his case and the district court clerk erred by rejecting his original filings. We agree with Rigato's first contention and, therefore, need not reach his second argument.

## II. Analysis

### A. Standard of Review

¶ 13 In appeals of orders dismissing civil actions for lack of subject matter jurisdiction, "we review legal conclusions de novo." *Grant Bros. Ranch, LLC v. Antero Res. Piceance Corp.*, 2016 COA 178, ¶ 15, 409 P.3d 637, 641. "Our standard of review when we

interpret the Colorado Rules of Civil Procedure is [also] de novo." *In re Marriage of Durie*, 2020 CO 7, ¶ 13, 456 P.3d 463, 468.

¶ 14    "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." C.R.C.P. 12(h)(3).

### B.    C.R.C.P. 106.5 Actions

¶ 15    C.R.C.P. 106.5 governs inmate appeals of decisions "resulting from a quasi-judicial hearing of any [DOC] facility." C.R.C.P. 106.5(a). This rule applies to inmate appeals of prison administrators' decisions upholding disciplinary convictions. *See Garcia v. Harms*, 2014 COA 154, ¶ 10, 410 P.3d 561, 565.

¶ 16    C.R.C.P. 106.5 does not contain a filing deadline. Rather, the deadline for filing a C.R.C.P. 106.5 action is found in C.R.C.P. 106(b). C.R.C.P. 106.5(a) ("The provisions of C.R.C.P. 106(b) . . . shall govern all cases brought under [C.R.C.P.] 106.5."); *see Garcia*, ¶ 4, 410 P.3d at 563.

¶ 17    C.R.C.P. 106(b) says that, "[i]f no time within which review may be sought is provided by any statute, a complaint seeking review" of an administrative decision subject to the rule "shall be filed in the district court not later than [twenty-eight] days after the

5

final decision of the body or officer." This twenty-eight-day deadline applies to C.R.C.P. 106.5 actions. *See Garcia*, ¶ 12, 410 P.3d at 565. (The deadline for filing C.R.C.P. 106.5 actions was thirty days when *Garcia* was decided. *See id.* at ¶ 4, 410 P.3d at 563. The change in the deadline to twenty-eight days has no impact on *Garcia*'s reasoning.)

¶ 18    C.R.C.P. 106(b)'s twenty-eight-day deadline "establishes a limitation period that is jurisdictional and that must be strictly enforced." *Brown*, ¶ 3, 521 P.3d at 1016. Such deadline thus "function[s] similarly to a non-claim provision." *Id.* at ¶ 38, 521 P.3d at 1022.

¶ 19    Unlike statutes of limitation, which "limit[] the time in which an action may be brought, but do[] not deprive a court of jurisdiction," *id.* at ¶ 35, 521 P.3d at 1021 (quoting *In re Estate of Kubby*, 929 P.2d 55, 57 (Colo. App. 1996)), non-claim provisions are, "in effect, conditions on the existence of a right to seek redress," *id.* at ¶ 36, 521 P.3d at 1022 (quoting *UMB Bank, N.A. v. Landmark Towers Ass'n*, 2017 CO 107, ¶ 28, 408 P.3d 836, 841). They "prohibit[] the initiation of litigation after the prescribed date and, therefore, [are] jurisdictional in effect." *Id.* (quoting *UMB Bank,*

¶ 28, 408 P.3d at 841).  Thus, the failure to file a timely C.R.C.P. 106.5 action is a "jurisdictional defect."  *Gold Star Sausage Co. v. Kempf*, 653 P.2d 397, 400 (Colo. 1982).

¶ 20    Accordingly, if a complaint challenging a prison disciplinary decision is "filed more than [twenty-eight] days after the date the agency takes final action, the complaint must be dismissed for lack of subject matter jurisdiction."  *Wallin v. Cosner*, 210 P.3d 479, 480 (Colo. App. 2009) (applying C.R.C.P. 106(b)'s prior thirty-day deadline); *see Garcia*, ¶¶ 4, 12, 410 P.3d at 563, 565 (concluding that the trial court did not err by dismissing the plaintiff's legal challenge to his conviction for violating a provision of the DOC's Code of Penal Discipline because the plaintiff filed his case nearly two years after the conviction became final).

¶ 21    But the Colorado appellate courts have not previously decided the issue presented in this appeal — whether C.R.C.P. 6(a)(1)'s time calculation language applies to C.R.C.P. 106(b)'s twenty-eight-day deadline.  We conclude that C.R.C.P. 6(a)(1) applies to the calculation of C.R.C.P. 106(b)'s twenty-eight-day deadline and, therefore, hold that Rigato's action was timely filed and the district court erred by dismissing the case.

## C. The District Court Had Subject Matter Jurisdiction Over Rigato's Case

### 1. The Court's Initial Rejection of Rigato's Complaint Does Not Affect the Filing Date

¶ 22    We must initially determine whether Rigato filed his complaint on May 28 or on June 10, when he refiled it after the court rejected his original submissions.

¶ 23    We conclude that the filing date was May 28 because, together with his original complaint, Rigato filed a motion "to file without prepayment of filing fee/service fee."  The court apparently rejected Rigato's May 28 submissions because he did not use an official court form to request permission to file them without prepayment of fees.  (The filing dates noted in this opinion are the dates Rigato placed his documents in the facility's legal mail.  The inmate filing and service rule says that "a pleading or paper filed or served by an inmate confined to an institution is timely filed or served if deposited in the institution's internal mailing system on or before the last day for filing or serving."  C.R.C.P. 5(f).)

¶ 24    In *Fraser v. Colorado Board of Parole*, 931 P.2d 560, 564 (Colo. App. 1996), *superseded by rule as stated in, Wallin*, 210 P.3d at 480, a division of this court held that, to determine the filing date of

an inmate's case challenging a disciplinary conviction when the district court rejected the inmate's original complaint and motion to proceed in forma pauperis, we look to the date on which the inmate filed his original complaint and motion, so long as the inmate promptly submitted an amended in forma pauperis motion and the court granted it. *See id.* ("Under these circumstances in which plaintiff acted promptly to submit his amended [in forma pauperis] motion, we hold that the granting of the amended motion should relate back to the filing of the original [in forma pauperis] motion . . . ."); *see also Moore v. Grossman*, 824 P.2d 7, 9 (Colo. App. 1991) (explaining that courts should "reject the approach that 'pleading is a game of skill in which one misstep . . . may be decisive to the outcome'" (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957))).

¶ 25 As noted above, Rigato submitted a motion to proceed without prepaying fees on May 28 together with his original filings, and he promptly filed a second fee motion, using an approved court form, after the court rejected his original filings. Thus, Rigato is deemed to have commenced this case on May 28 — the date he filed his original complaint.

## 2. Rigato's Complaint Was Timely Because C.R.C.P. 6(a)(1) Applied to His Action

¶ 26    The district court had jurisdiction over Rigato's case if he timely filed his C.R.C.P. 106.5 action.  Rigato contends that the filing deadline was Tuesday, May 28 — the first business day following Memorial Day — and that his complaint was timely because he placed it in the facility's mailing system on that date. We agree.

¶ 27    C.R.C.P. 6(a)(1)'s computation rule specifies how days are counted for calculating time periods under the Rules of Civil Procedure.  *See* C.R.C.P. 6(a) (stating that the rule applies "[i]n computing *any period of time prescribed or allowed by these rules*" (emphasis added)); *see also Bartlik v. U.S. Dep't of Lab.*, 62 F.3d 163, 166 (6th Cir. 1995) (holding that Fed. R. Civ. P. 6(a) does not expand or enlarge the court's jurisdiction because it does "nothing more than provide the court and the parties with a means of determining the beginning and end" of a prescribed time period); Fed. R. Civ. P. 6 advisory committee's note to 2009 amendment ("The time-computation provisions of subdivision (a) apply only when a time period must be computed.  They do not apply when a

fixed time to act is set."). (Because the Colorado Rules of Civil Procedure are patterned on the Federal Rules of Civil Procedure, "we may also look to the federal rules and decisions for guidance." *See Garrigan v. Bowen*, 243 P.3d 231, 235 (Colo. 2010).)

¶ 28    Because the plain language of C.R.C.P. 6(a)(1) applies to *any* period of time prescribed or allowed under the Rules of Civil Procedure, the twenty-eight-day deadline in C.R.C.P. 106(b) is subject to C.R.C.P. 6(a)(1). *See Stamp v. Vail Corp.*, 172 P.3d 437, 447 (Colo. 2007) ("When used as an adjective in a statute, the word 'any' means 'all.'" (quoting *Winslow v. Morgan Cnty. Comm'rs*, 697 P.2d 1141, 1141 (Colo. App. 1985))).

¶ 29    But the People argue that, under the supreme court's reasoning in *Brown*, C.R.C.P. 6(a)(1) does not apply to C.R.C.P. 106(b). In *Brown*, the supreme court held that courts may not apply C.R.C.P. 6(b) to extend C.R.C.P. 106(b)'s twenty-eight-day deadline. *Brown*, ¶ 50, 521 P.3d at 1025. C.R.C.P. 6(b) provides, in relevant part,

> When by these rules or by a notice given
> thereunder or by order of court an act is
> required or allowed to be done at or within a
> specified time, the court for cause shown may,
> at any time in its discretion (1) with or without

11

motion or notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect . . . .

¶ 30    The petitioner in *Brown* filed a C.R.C.P. 106(a)(4) complaint to challenge the decision of a City of Aurora officer.  *See Brown,* ¶ 1, 521 P.3d at 1016.  He filed the complaint after the twenty-eight-day deadline specified in C.R.C.P. 106(b), however, allegedly due to excusable neglect.  *See id.* at ¶¶ 2-3, 521 P.3d at 1016.  The petitioner asserted that C.R.C.P. 6(b) allows courts to extend filing deadlines in civil cases governed by C.R.C.P. 106(b) upon a showing of excusable neglect.  *See id.*  The supreme court disagreed because "the language, history, and purpose of [C.R.C.P.] 6(b) and [C.R.C.P.] 106 and the case law interpreting these rules," *id.* at ¶ 17, 521 P.3d at 1018, show that "[C.R.C.P.] 6(b) does not apply to extend [C.R.C.P.] 106(b)'s twenty-eight-day filing deadline," *id.* at ¶ 4, 521 P.3d at 1016.

¶ 31    The *Brown* court stressed the public policy grounds for the strict application of Rule 106(b)'s deadline.  "[T]he strict

enforcement of [C.R.C.P] 106(b)'s twenty-eight-day filing deadline 'promote[s] government efficiency and sound municipal planning.'" *Id.* at ¶ 43, 521 P.3d 1023 (quoting *Bd. of Cnty. Comm'rs v. Sundheim*, 926 P.2d 545, 549 (Colo. 1996)). The court added that "the short deadline for filing [C.R.C.P.] 106(a)(4) actions supports our intent to 'balance a citizen's right to have [their] case heard against the need for efficient [governmental] planning.'" *Id.* at ¶ 43, 521 P.3d at 1024 (quoting *Sundheim*, 926 P.2d at 550).

¶ 32     The court reasoned that "[t]his approach — treating [C.R.C.P.] 106(b)'s deadline as strict and jurisdictional to balance the rights of aggrieved citizens with legitimate government interests in finality — also aligns with the uniform strictness with which the General Assembly and our courts have treated other types of untimely challenges of governmental actions," including Colorado Governmental Immunity Act (CGIA) actions. *Id.* at ¶ 44, 521 P.3d 1024. The General Assembly made the CGIA's 182-day limitation a "jurisdictional prerequisite rather than an affirmative defense . . . [to] provide certainty." *Id.* (quoting *Reg'l Transp. Dist. v. Lopez*, 916 P.2d 1187, 1193 (Colo. 1996)).

¶ 33    The *Brown* court noted that a C.R.C.P. 106(a)(4) action is "special among the Colorado Rules of Civil Procedure — hearkening back to its predecessors, the special writs — in that it constitutes a self-contained process." *Id.* at ¶ 32, 521 P.3d at 1021. Accordingly, the court held that the limitation period for C.R.C.P. 106(a)(4) actions "prohibits the initiation of litigation *after the prescribed date,*" is "jurisdictional in effect," and is therefore not subject to C.R.C.P. 6(b). *Id.* at ¶ 36, 521 P.3d at 1022 (emphasis added) (quoting *UMB Bank*, ¶ 28, 408 P.3d at 841).

¶ 34    Despite the sweeping language in *Brown,* that case does not compel a conclusion that courts must ignore C.R.C.P. 6(a)(1)'s computation rule when determining the timeliness of an action subject to C.R.C.P. 106(b)'s deadline. Critically, unlike C.R.C.P. 6(b), C.R.C.P. 6(a)(1) is not an extension of time rule.

¶ 35    C.R.C.P. 6(a)(1), titled "*Computation,*" explains how litigants and courts must calculate "any period of time prescribed or allowed by" the Rules of Civil Procedure; it does not refer to extensions of time. C.R.C.P. 6(a)(1) specifies when the computation of a time period begins, that weekends and holidays are included in the count, and how to determine the period's end.

14

¶ 36    The different purposes of C.R.C.P. 6(a)(1) and 6(b) support our conclusion that *Brown*'s reasoning does not apply to our analysis of whether C.R.C.P. 6(a)(1) determines the deadline date in cases subject to C.R.C.P. 106(b)'s twenty-eight-day deadline.  This difference between the rules is important because Rigato did not seek an *extension* of that deadline.

¶ 37    The application of C.R.C.P. 6(a)(1) to calculate C.R.C.P. 106(b)'s deadline comports with the supreme court's direction that courts construe the Colorado Rules of Civil Procedure "liberally to effectuate their objective to secure the just, speedy, and inexpensive determination of every case and their truth-seeking purpose."  *Antero Res. Corp. v. Strudley*, 2015 CO 26, ¶ 15, 347 P.3d 149, 154 (quoting *DCP Midstream, LP v. Anadarko Petroleum Corp.*, 2013 CO 36, ¶ 24, 303 P.3d 1187, 1193).

¶ 38    Further, looking to C.R.C.P. 6(a)(1) to determine when C.R.C.P. 106(b)'s deadline runs is consistent with *Matthews v. City & County of Denver*, 20 P.3d 1227, 1229 (Colo. App. 2000), in which the division held that a notice of claim filed under the CGIA was timely because the deadline fell on a legal holiday and the plaintiff filed the notice the next business day.

¶ 39     In that case, the division analyzed whether the state's general time computation statute, section 2-4-108, C.R.S. 2025, informs the determination of the timeliness of claims filed under section 24-10-109(1), C.R.S. 2025 — the CGIA "non-claim statute." *Matthews*, 20 P.3d at 1228 (Section 24-10-109(1) "has been characterized as a 'non-claim' statute which divests courts of subject matter jurisdiction when a notice of claim is not filed within specified time limits."). Section 24-10-109(1) specifies that "[a]ny person claiming to have suffered an injury by a public entity or by an employee thereof while in the course of such employment . . . shall file a written notice . . . within one hundred eighty-two days after the date of the discovery of the injury" and that "[c]ompliance with the provisions of this section shall be a jurisdictional prerequisite to any action brought under the provisions of this article, and failure of compliance shall forever bar any such action." Section 2-4-108(2) says that, "[i]f the last day of any period is a Saturday, Sunday, or legal holiday, the period is extended to include the next day which is not a Saturday, Sunday, or legal holiday."

¶ 40   The *Matthews* division held that section 2-4-108(2) governs the calculation of the deadline for filing a CGIA notice of claim when the 180th day falls on a Saturday, Sunday, or legal holiday. *See Matthews*, 20 P.3d at 1228-29. (In 2012, the General Assembly changed section 24-10-109(1)'s deadline to 182 days. *See* Ch. 208, sec. 145, § 24-10-109(1), 2012 Colo. Sess. Laws 881.) Significantly, the division said that section 2-4-108 (as well as the similar section 24-11-110, C.R.S. 2025) does not result "in a tolling, waiver, or extension of the 180-day requirement. Rather, these statutes merely allow the 180-day period to be given effect and, as noted by the trial court, provide a uniform method for determining when a statutory period begins and ends." *Matthews*, 20 P.3d at 1229. Because C.R.C.P. 6(a)(1) serves a similar function to section 2-4-108, *Matthews* supports our determination that, in contrast to C.R.C.P. 6(b), the former does not provide for "tolling, waiver, or extension" of deadlines. *Id.*

¶ 41   In addition, with one minor exception, our decision can be harmonized with *Gomez v. Walker*, 2023 COA 79, 540 P.3d 936, in which the division considered whether the three-year deadline for filing certain tort actions in section 13-80-101(1), C.R.S. 2025, is

17

deemed to be the next business day if the deadline falls on a Saturday. *Gomez*, ¶ 6, 540 P.3d at 939. The third anniversary of the plaintiff's car crash fell on a Saturday. *See id.* at ¶ 3, 540 P.3d at 939. The plaintiff filed her lawsuit on the Monday immediately following that Saturday, arguing that she was entitled to the additional days under section 2-4-108(2). *See id.* at ¶¶ 3, 6, 540 P.3d at 939.

¶ 42 The plaintiff's lawsuit in *Gomez* would have been timely if section 2-4-108(2) applied to her case. *See id.* at ¶ 3, 540 P.3d at 939. But the division held that section 2-4-108(2) could not extend the statute of limitations embodied in section 13-80-101(1) and, therefore, that the plaintiff's last day to file had been the Friday before the accident's third anniversary. *See id.* at ¶ 6, 540 P.3d at 939.

¶ 43 *Gomez* rests on a phrase contained in section 13-80-101(1) but not found in C.R.C.P. 106(b) — "and not thereafter." Tort actions subject to section 13-80-101(1) must be brought "within three years after the cause of action accrues, *and not thereafter.*" (Emphasis added.)

¶ 44    In *Gomez*, the division noted that it was required to give meaning to "and not thereafter" under canons of statutory construction and that "applying section 2-4-108(2) to extend the three-year anniversary date either renders the phrase 'and not thereafter' redundant to the phrase 'within three years' or reads 'and not thereafter' out of the statute entirely." *Gomez*, ¶ 15, 540 P.3d at 941.  Thus, the division held that the phrase means that "the action cannot be filed after the three-year anniversary of the date the cause of action accrued." *Id.*

¶ 45    The reasoning of *Gomez* does not apply here because C.R.C.P. 6(a)(1) is not an extension of time rule and C.R.C.P. 106(b) does not say that actions subject to C.R.C.P. 106(b) must be filed within twenty-eight days and not thereafter.  (For the reasons explained above, we respectfully disagree with *Gomez*'s assertion that C.R.C.P. 6(a)(1) "provides for *the extension* of a time period when the period ends on a Saturday, Sunday, or legal holiday." *Id.* at ¶ 4, 540 P.3d at 939 (emphasis added).)

¶ 46    In conclusion, we hold that the computation provisions of C.R.C.P. 6(a)(1) apply when determining the timeliness of a complaint subject to C.R.C.P. 106(b)'s twenty-eight-day deadline.

C.R.C.P. 6(a)(1) tells us that, for purposes of calculating Rigato's deadline to file his C.R.C.P. 106.5 action, the twenty-eighth day following the administrative head's order upholding Rigato's disciplinary convictions was May 28. Because Rigato filed his complaint on that date, the district court erred by dismissing his case for lack of subject matter jurisdiction.

## III. Disposition

¶ 47 The judgment is reversed and the case is remanded to the district court for further proceedings consistent with this opinion.

JUDGE TOW and JUDGE BERNARD concur.